**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **CEC ENTERTAINMENT, INC.,** *et al.*, | § | **Case No. 20-33163 (MI)** |
| | § | |
| Debtors.[1] | § | **(Jointly Administered)** |
| | § | |

## SCHEDULE OF ASSETS AND LIABILITIES FOR SPT DISTRIBUTION COMPANY, INC. CASE NO. 20-33177 (MI)

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are BHC Acquisition Corporation (0947); CEC Entertainment Concepts, L.P. (3011); CEC Entertainment Holdings, LLC (9147); CEC Entertainment, Inc. (5805); CEC Entertainment International, LLC (8177); CEC Entertainment Leasing Company (4517); CEC Leaseholder, LLC (N/A); CEC Leaseholder #2, LLC (N/A); Hospitality Distribution Incorporated (5502); Peter Piper Holdings, Inc. (6453); Peter Piper, Inc. (3407); Peter Piper Texas, LLC (6904); Peter Piper Mexico, LLC (1883); Queso Holdings Inc. (1569); SB Hospitality Corporation (4736); SPT Distribution Company, Inc. (8656); and Texas PP Beverage, Inc. (6895). The Debtors' corporate headquarters and service address is 1707 Market Place Boulevard #200, Irving, TX 75063.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CEC ENTERTAINMENT, INC., *et al.,* | § | Case No. 20-33163 (MI) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

## GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

CEC Entertainment, Inc. and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), are filing their respective Schedules of Assets and Liabilities (each, a "**Schedule**," and collectively, the "**Schedules**") and Statements of Financial Affairs (each, a "**Statement**" and collectively, the "**Statements**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These Global Notes and Statements of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules and Statements (collectively, the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. The Global Notes are in addition to the specific notes set forth below with respect to the Schedules and Statements (the "**Specific Notes**," and, together with the Global Notes, the "**Notes**"). These Notes should be referred to, and referenced in connection with, any review of the Schedules and Statements.

The Debtors' management prepared the Schedules and Statements with the assistance of their advisors and other employees. The Schedules and Statements are unaudited and subject to potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation. The Debtors' management team and advisors have made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances; however,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are BHC Acquisition Corporation (0947); CEC Entertainment Concepts, L.P. (3011); CEC Entertainment Holdings, LLC (9147); CEC Entertainment, Inc. (5805); CEC Entertainment International, LLC (8177); CEC Entertainment Leasing Company (4517); CEC Leaseholder, LLC (N/A); CEC Leaseholder #2, LLC (N/A); Hospitality Distribution Incorporated (5502); Peter Piper Holdings, Inc. (6453); Peter Piper, Inc. (3407); Peter Piper Texas, LLC (6904); Peter Piper Mexico, LLC (1883); Queso Holdings, Inc. (1569); SB Hospitality Corporation (4736); SPT Distribution Company (8656); and Texas PP Beverage, Inc. (6895). The Debtors' corporate headquarters and service address is 1707 Market Place Boulevard #200, Irving, TX 75063.

subsequent information or discovery may result in material changes to the Schedules and Statements and errors or omissions may exist. Notwithstanding any such discovery, new information, or errors or omissions, the Debtors do not undertake any obligation or commitment to update the Schedules and Statements.

The Debtors reserve all rights to amend or supplement the Schedules and Statements and these Notes from time to time, in all respects, as may be necessary or appropriate, including the right to dispute or otherwise assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, liability, classification, identity of Debtor, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or recharacterization of contracts and leases, assumption or rejection of contracts and leases under the provisions of chapter 3 of the Bankruptcy Code, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code, or any other relevant applicable laws to recover assets or avoid transfers.

## Global Notes and Overview of Methodology

1. **Reservation of Rights.** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve the right to dispute, or to assert setoff or other defenses to, any claim reflected in the Schedules and Statements as to amount, liability, and classification. The Debtors also reserve all rights with respect to the values, amounts, and characterizations of the assets and liabilities listed in the Schedules and Statements. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements except as may be required by applicable law.

2. **Description of the Case.** On June 24, 2020 (the "**Petition Date**"), the Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

   The Debtors' chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Texas.

   On July 13, 2020, the United States Trustee for Region 7 appointed a committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 270]. No trustee or examiner has been appointed in these chapter 11 cases.

3. **Basis of Presentation**. For financial reporting purposes, the Debtors generally prepare consolidated financial statements, which include information for CEC Entertainment, Inc. and its Debtor and non-Debtor affiliates. The Schedules and Statements are unaudited and reflect the Debtors' reasonable efforts to report certain financial information of each Debtor on an

unconsolidated basis. These Schedules and Statements neither purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor. The Debtors used reasonable efforts to attribute the assets and liabilities, certain required financial information, and various cash disbursements to each particular Debtor entity. Accordingly, the Debtors reserve all rights to supplement and amend the Schedules and Statements in this regard, including with respect to reallocation of assets or liabilities to any particular entity.

4. **"As Of" Information Date.** The asset information provided herein represents the data as of the close of business on June 28, 2020, except as otherwise noted. The liability information provided herein represents the data as of the close of business on June 24, 2020, except as otherwise noted. The Schedules and Statements reflect the Debtors' best effort to allocate the assets, liabilities, receipts, and expenses to the appropriate Debtor entity "as of" such dates. In certain instances, the Debtors may have used estimates or pro-rated amounts where actual data as of the aforementioned dates was not available.

5. **Accuracy**. The financial information disclosed herein was not prepared in accordance with federal or state securities laws or other applicable non-bankruptcy law or in lieu of complying with any periodic reporting requirements thereunder. Persons and entities trading in or otherwise purchasing, selling, or transferring the claims against or equity interests in the Debtors should evaluate this financial information in light of the purposes for which it was prepared. The Debtors are not liable for and undertake no responsibility to indicate variations from securities laws or for any evaluations of the Debtors based on this financial information or any other information.

6. **Net Book Value of Assets.** Except as otherwise specifically noted, each asset and liability of each Debtor is shown on the basis of net book value of the asset or liability in accordance with such Debtor's accounting books and records. Therefore, unless otherwise specifically noted, the Schedules and Statements are not based upon any estimate of the current market values of the Debtors' assets and liabilities, which may not correspond to book values. It would be cost prohibitive and unduly burdensome to obtain current market valuations of the Debtors' property interests. Except as otherwise noted, the Debtors' assets are presented, in detail, as they appear on the Debtors' accounting subledgers. As such, the detail may include error corrections and value adjustments (including negative values or multiple line items for an individual asset). The Debtors believe that certain of their assets, including intangible assets, may have been impaired by, among other things, the events leading to, and the commencement of, the Debtors' chapter 11 cases and the prior and continuing impact of the COVID-19 pandemic.

7. **Liabilities.** The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements, as is necessary or appropriate.

The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim. Although there are multiple holders of debt under the Debtors' prepetition funded indebtedness, only the administrative agent and indenture trustee, as applicable, have been listed in the Schedules.

8.  **Application of Vendor Credits.** In the ordinary course of their businesses, the Debtors apply credits against amounts otherwise due to vendors (the "**Vendor Credits**"). The Vendor Credits arise because, among other matters, (i) materials ordered and paid for may not be delivered, (ii) materials delivered may be damaged or unusable, and (iii) a vendor provided volume rebates and cash discounts. Certain of the Vendor Credits are subject to change. Vendor claims are listed at the amounts entered on the Debtors' books and records, which may or may not reflect credits or allowances due from such creditors to the Debtors. The Debtors reserve all of their rights with respect to such credits and allowances.

9.  **Claims.** The Debtors have not included "non-cash" accruals, i.e. accruals to recognize expense or liability over multiple periods where no specific obligation to perform is established, such as accruals to equalize lease payments, in the Schedules and Statements.

    The Bankruptcy Court has authorized the Debtors, among other matters, to (i) pay certain prepetition wages, salaries, employee benefits and other related obligations, (ii) pay certain prepetition sales, use and other taxes, and (iii) pay certain vendors and lienholders. While the Debtors have made their best efforts to reflect the claims, by vendor, net of these various authorized payments as well as the Vendor Credits discussed above, the actual unpaid claims of creditors that may be allowed in these chapter 11 cases may differ from the amounts set forth in the Schedules and Statements. Moreover, the Debtors have not attempted to reflect any alleged recoupments in the claims of utility companies or other parties holding prepetition deposits that may assert (or have asserted) a recoupment right.

    The Debtors reserve all rights (i) to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim description or designation or the Debtors against which the claim is asserted; (ii) to dispute or otherwise to assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; and (iii) to designate subsequently any claim as "disputed," "contingent," or "unliquidated"; or to object to the extent, validity, enforceability, priority, or avoidability of any claim. Any failure to designate a claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such claim or amount is not "disputed," "contingent," or "unliquidated." Listing a claim does not constitute an admission of liability by the Debtors against which the claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of

the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.

The claims listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

10. **Employee Claims.** The Bankruptcy Court entered a final order granting authority, but not requiring, the Debtors to pay prepetition employee wages, salaries, benefits and other related obligations. With the exception of any prepetition severance and paid time off obligations that are still owing under the Debtors' policies and applicable non-bankruptcy law, as applicable, the Debtors currently expect that most prepetition employee claims for wages, salaries, benefits and other related obligations either have been paid or will be paid in the ordinary course of business and, therefore, the Schedules and Statements do not include such claims. The Debtors have not listed their regular payroll disbursements and employee expense reimbursements in Question 3 for the Statements.

11. **Excluded Assets and Liabilities.** The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, accrued salaries, employee benefit accruals, and accrued accounts payable. The Debtors have also excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, to the extent such damage claims exist. In addition, certain immaterial assets and liabilities may have been excluded.

The Bankruptcy Court has authorized (but not directed) the Debtors to pay, in their discretion, certain outstanding claims on a postpetition basis. Prepetition liabilities that have been paid postpetition or those that the Debtors plan to pay via such authorization have not been included in the Schedules. Please see the notes to Schedule E/F for additional information.

12. **Litigation.** Certain litigation actions (collectively, the "**Litigation Actions**") reflected as claims against a particular Debtor may relate to one or more of the other Debtors. The Debtors made reasonable efforts to accurately record the Litigation Actions in the Schedules and Statements of the Debtor that is the party to the Litigation Action. The inclusion of any Litigation Action in the Schedules and Statements does not constitute an admission by the Debtors of liability, the validity of any Litigation Action or the amount of any potential claim that may result from any claims with respect to any Litigation Action, or the amount and treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future. As the Debtors continue to operate their business, additional Litigation Actions may arise as a result thereof. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements, as is necessary or appropriate.

13. **Causes of Action.** Despite making commercially reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation,

causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, or assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

14. **Confidentiality**.  There may be instances where certain information was not included or redacted due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, or to protect the privacy of an individual.

15. **Employee Addresses.**  Current employee and director addresses have been reported as the Debtors' business address throughout the Schedules and Statements, where applicable.

16. **Recharacterization.**  Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority," (iii) a claim on Schedule E/F as "unsecured," or (iv) a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to re-characterize or reclassify such claims or contracts or to setoff of such claims. Notwithstanding the Debtors' commercially reasonable efforts to characterize, classify, categorize, or designate properly certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' business. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition. Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules and Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

17. **Insiders.**  For purposes of the Schedules and Statements, the Debtors defined "insiders" as such term is defined in section 101(31) of the Bankruptcy Code. Persons listed as "insiders" have been included for informational purposes only and the inclusion of them in the Schedules and Statements shall not constitute an admission that such persons are insiders for purposes of section 101(31) of the Bankruptcy Code. Moreover, the Debtors do not take any position with

respect to: (i) any insider's influence over the control of the Debtors; (ii) the management responsibilities or functions of any such insider; (iii) the decision making or corporate authority of any such insider; or (iv) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

18. **Intellectual Property Rights.** Exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

19. **Summary of Significant Reporting Policies.** The following is a summary of significant reporting policies:

- Undetermined Amounts. The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

- Totals. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

- Paid Claims. The Debtors were authorized (but not directed) to pay certain outstanding prepetition claims pursuant to various orders entered by the Bankruptcy Court. The Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary or appropriate to avoid overpayment of, or duplicate payments for, any such liabilities. Please see the notes to Schedule E/F for any additional information.

- Liens. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

20. **Currency.** Unless otherwise indicated, all monetary amounts are stated in U.S. dollars.

21. **Intercompany Payables and Receivables.** Intercompany receivables/payables are set forth on Schedules A/B and E/F, respectively. The listing by the Debtors of any account between a Debtor and another affiliate, including between the Debtor and any disregarded or non-debtor affiliate, is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such account. The Debtors take no position in these Schedules and Statements as to whether such accounts would be allowed as a claim, an interest, or not allowed at all. The Debtors and all parties in interest reserve all rights with respect to such accounts.

22. **Fiscal Year.** The Debtors operate on a 52- or 53-week fiscal year that ends on the Sunday nearest to December 31. Each quarterly period has 13 weeks, except for a 53-week year, when the fourth quarter has 14 weeks. The fiscal years ended December 29, 2019, December 30,

2018 and December 31, 2017 each consisted of 52 weeks. References to 2019, 2018 and 2017 are for the fiscal years ended December 29, 2019, December 30, 2018 and December 31, 2017, respectively.

23. **Global Notes Control.**  In the event that the Schedules or Statements differ from any of the foregoing Global Notes, the Global Notes shall control.

**Specific Notes with Respect to the Debtors' Schedules of Assets and Liabilities**

The Schedules do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to be fully reconciled with the financial statements of the Debtors. Additionally, the Schedules contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report the assets and liabilities of the Debtors. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that the Debtors show more assets than liabilities, this is not an admission that the Debtors were solvent as of the Petition Date or at any time before the Petition Date. Likewise, to the extent the Debtors show more liabilities than assets, this is not an admission that the Debtors were insolvent as of the Petition Date or at any time before the Petition Date.

1. **Schedule A/B, Part 1, Question 3 – Checking, savings or other financial accounts**

    As set forth more fully in the Cash Management Motion, the Debtors conduct their operations through an extensive network of bank accounts managed throughout the country. The numbers listed in Question 3 are based on the Debtors' books and records and reflect the balance sheet representation of the amounts held in the Debtors' bank accounts as of the Petition Date.

    Amounts in the General Liability Account x1678 and Worker's Comp Account x0110 have an ending balance of $85,608 and $12,248, respectively, were recorded as prepaid insurance and not included in the balance sheet cash.

2. **Schedule A/B, Part 2, Question 8 - Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

    The Debtors have aggregated amounts for licenses and prepaid sales tax as the Debtors operate multiple stores across numerous jurisdictions throughout the country.

3. **Schedule A/B, Part 3, Question 11 – Accounts receivable**

    The accounts receivable information listed on Schedule A/B includes amounts that may be uncollectible. The Debtors are unable to determine with complete certainty what amounts will actually be collected.

    Intercompany receivables, by and among Debtors, have been included in Question 11.

**4. Schedule A/B, Part 4, Question 15 – Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an LLC, partnership or joint venture**

Equity interests in subsidiaries and affiliates primarily arise from common stock ownership or member or partnership interests. For purposes of these Schedules, the Debtors have listed an undetermined value for the equity interests of all of their direct subsidiaries.

**5. Schedule A/B, Part 5, Questions 19-26 – Inventory, excluding agricultural assets**

Store inventory, which includes, but is not limited to, food, beverages, birthday supplies and merchandise, is inventoried on a monthly basis across all Chuck E. Cheese ("**CEC**") and Peter Piper Pizza ("**PPP**") locations. Therefore, the Debtors have aggregated the dollar amounts of store inventory across all CEC and PPP locations on a cost basis.

Merchandise inventory stored at the Debtors' third-party warehouse and logistics supplier in southern California is inventoried on an annual basis and are assets of CEC Entertainment Inc.

Game and ride parts inventory, which are held in Debtors' warehouses located in Topeka, Kansas, are inventoried on an annual basis, with cycle counts performed periodically.

**6. Schedule A/B, Part 8, Questions 47-53 – Machinery, equipment and vehicles**

Purchased/Constructed Assets Not in Service reflects assets that have been purchased or accrued that are under construction, or assets that have been purchased by the Debtors but not yet utilized in the manner intended at purchase. As such, these assets have not yet been entered into the Debtors' fixed asset system, and while the consolidated dollar amount has been reported on a lump-sum basis, the Debtors currently do not have corresponding descriptive information to report. All such assets were purchased in the ordinary course of the Debtors' business.

**7. Schedule A/B, Part 10, Questions 60-65 – Intangibles and intellectual property**

Except where noted, the Debtors do not have a current valuation for items listed in Part 10. Accordingly, the Debtors have not listed the value of such items because the values on the Debtors' books and records may not accurately reflect their value in the marketplace.

**8. Schedule A/B, Part 10, Questions 71 – Notes receivable**

The Debtors use a centralized cash management system. CEC Entertainment, Inc. is the consolidated group's issuer/borrower in relation to third-party debt. CEC Entertainment, Inc. in turn makes intercompany loans to its affiliates, supplying them with funds for their operating and working capital needs. To document the intercompany obligations and terms established between the intercompany lender and debtors, lines of credit and note payable agreements have been executed in connection with those intercompany debts that are material to the lender or

debtor. This information is included in Schedule Question 11 under the aged receivables "over 90 days old" category.

9. **Schedule A/B, Part 11, Question 72 – Tax refunds and unused net operating losses (NOLs)**

The Debtors' response to the schedule questionnaire is indicative of the gross non-tax effected net operating loss ("**NOL**") values as compared to the GAAP net deferred tax assets associated with such NOLs. The actual dollar impact of how these NOLs affect future taxable income is dependent upon, among other things, the timing, character, and amount of any future or previous years' (provided NOLs are allowed to be carried back) income to which they can be applied. Amounts also do not reflect the consideration of any valuation allowances recorded pursuant to GAAP, which have the effect of reducing associated deferred tax assets. Additionally, the NOLs listed in Schedule A/B, Question 72 reflect the amounts listed in the Debtors' books and records, may reflect NOLs accumulated for more than one tax year, and may be subject to expiration or limitations on usability now or in the future.

10. **Schedule A/B, Part 11, Question 76 – Trusts, equitable or future interests in property**

The Debtors have the right of first refusal ("**ROFR**") on numerous owned and leased properties. It would be unduly burdensome to review each of the lease or owned property for 500+ locations to determine what ROFR options exist, if any. Therefore, the Debtors have not included information regarding ROFR on this schedule.

11. **Schedule D**.  Except as otherwise ordered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtor's Schedule D. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim.

Although there are multiple parties that hold a portion of the Debtors' secured and unsecured funded indebtedness, only the administrative agent has been listed for the purposes of Schedule D. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Except as specifically stated herein, real property lessors, utility companies and other parties which may hold security deposits have not been listed on Schedule D. The Debtors have not included parties that may assert claims secured through setoff rights or inchoate statutory lien rights.

**12. Schedule E/F, Part 1 – Creditors With Priority Unsecured Claims**

The claims listed on Schedule E/F, Part 1 arose and were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. To the best of the Debtors' knowledge, all claims listed on Schedule E/F arose or were incurred before the Petition Date.

The Debtors have not listed certain wage, or wage-related, obligations that the Debtors have paid pursuant to First Day Orders on Schedule E/F. The Debtors reserve the right to dispute or challenge whether creditors listed on Schedule E/F are entitled to priority status pursuant to sections 503 and/or 507 of the Bankruptcy Code.

Claims owing to various taxing authorities to which the Debtors potentially may be liable are included on the Debtors' Schedule E/F. Certain of such claims, however, may be subject to ongoing audits and/or the Debtors otherwise are unable to determine with certainty the amount of the remaining claims listed on Schedule E/F. Therefore, the Debtors have listed all such claims as unliquidated, pending final resolution of ongoing audits or other outstanding issues.

The Debtors reserve the right to assert that any claim listed on Schedule E/F does not constitute a priority claim under the Bankruptcy Code.

**13. Schedule E/F, Part 2 – Creditors With Nonpriority Unsecured Claims**

The Debtors have exercised commercially reasonable efforts to list all liabilities on Schedule E/F of each applicable Debtor. As a result of the Debtors' consolidated operations, however, the reader should review Schedule E/F for all Debtors in these cases for a more complete understanding of the unsecured debts of the Debtors. Certain creditors listed on Schedule E/F may owe amounts to the Debtors, and, as such, the Debtors may have valid setoff and recoupment rights with respect to such amounts. The amounts listed on Schedule E/F may not reflect any such right of setoff or recoupment, and the Debtors reserve all rights to assert the same and to dispute and challenge any setoff and/or recoupment rights that may be asserted against the Debtors by a creditor. Additionally, certain creditors may assert mechanic's, materialman's, or other, similar liens against the Debtors for amounts listed on Schedule E/F. The Debtors reserve their rights to dispute and challenge the validity, perfection, and immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule E/F of any Debtor. In addition, certain claims listed on Schedule E/F (Part 2) may be entitled to priority under 11 U.S.C. § 503(b)(9).

With respect to those certain 8.000% senior Unsecured Notes due 2022 issued under that certain indenture, dated as of February 19, 2014, the Debtors have listed only the indenture trustee as the named creditor on Schedule F. Nonetheless, these notes are beneficially owned by a number of other parties.

The Debtors have made reasonable efforts to include all unsecured creditors on Schedule E/F including, but not limited to, occupancy creditors, consultants, and other service providers. The Debtors have also included trade creditors and taxing authorities on Schedule E/F, some

of whose claims have been satisfied, in whole or in part, pursuant to the First Day Orders. Notwithstanding the foregoing, the Debtors believe that there are instances where creditors have yet to provide proper invoices for prepetition goods or services. Moreover, Schedule E/F does not include certain balances including deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals primarily represent general estimates of liabilities and do not represent specific claims as of the Petition Date. The Debtors have made reasonable efforts to include as contingent, unliquidated and/or disputed the claim of any party not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

Schedule E/F also contains information regarding pending litigation involving the Debtors. In certain instances, the relevant Debtor that is the subject of the litigation is unclear or undetermined. To the extent that litigation involving a particular Debtor has been identified, however, such information is included on that Debtor's Schedule E/F. The amounts for these potential claims are listed as undetermined and marked as contingent, unliquidated, and disputed in the Schedules. Additionally, certain pending or potential litigation and claims listed in Schedule E/F involve individual claimants. To avoid disclosing personal identifying information of these individuals, the Debtors have listed such claimants as "Claimant [#]" on Schedule E/F and removed street addresses. The Debtors maintain a key of these claimants and relevant information that has been or will be securely provided to the United States Trustee. Based on the key, the Debtors intend to respond to legitimate requests by such claimants for information that would otherwise be set forth on the Schedules.

The aggregate net intercompany payable amounts listed in Schedule E/F may or may not result in allowed or enforceable claims by or against a given Debtor, and listing these payables is not an admission on the part of the Debtors that the intercompany claims are enforceable or collectable. The intercompany payables also may be subject to recoupment, netting, or other adjustments made pursuant to intercompany policies and arrangements not reflected in the Schedules.

Additionally, the Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain unsecured claims, pursuant to the First Day Orders. To the extent practicable, each Debtor's Schedule E/F is intended to reflect the balance as of June 24, 2020, adjusted for postpetition payments of some or all of the Bankruptcy Court-approved payments. Each Debtor's Schedule E/F will reflect some of the Debtor's payments of certain claims pursuant to the First Day Orders, and, to the extent an unsecured claim has been paid or may be paid, it is possible such claim is not included on Schedule E/F. Certain Debtors may pay additional claims listed on Schedule E/F during these Chapter 11 cases pursuant to these and other orders of the Bankruptcy Court and the Debtors reserve all of their rights to update Schedule E/F to reflect such payments or to modify the claims register to account for the satisfaction of such claim. Additionally, Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that have been, or may be, rejected.

12

**14. Schedule G – Executory Contracts and Unexpired Leases**

Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases (collectively, the "**Agreements**"), review is ongoing and inadvertent errors, omissions or overinclusion may have occurred. The Debtors may have entered into various other types of Agreements in the ordinary course of their businesses, such as indemnity agreements, supplemental agreements, and amendments/letter agreements that may not be set forth in Schedule G. In addition, as described herein, certain nondisclosure agreements and/or or other confidential information have been omitted, as well as certain short-term purchase and sales orders given their large number and transitory nature.

Omission of an agreement from Schedule G does not constitute an admission that such omitted agreement is not an executory contract or unexpired lease. Schedule G may be amended at any time to add any omitted Agreements. Likewise, the listing of an Agreement on Schedule G does not constitute an admission that such Agreement is an executory contract or unexpired lease or that such Agreement was in effect on the Petition Date or is valid or enforceable. The Agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements that may not be listed on Schedule G. Executory agreements that are oral in nature have not been included in Schedule G. Any and all of the Debtors' rights, claims and causes of action with respect to the Agreements listed on Schedule G are hereby reserved and preserved, and as such, the Debtors hereby reserve all of their rights to (i) dispute the validity, status, or enforceability of any Agreements set forth on Schedule G, (ii) dispute or challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim, including, but not limited to, the Agreements listed on Schedule G and (iii) to amend or supplement such Schedule as necessary. Certain of the Agreements listed on Schedule G may have been entered into on behalf of more than one of the Debtors. Additionally, the specific Debtor obligor(s) to certain of the Agreements may not have been specifically ascertained in every circumstance. In such cases, the Debtors have made reasonable efforts to identify the correct Debtor's Schedule G on which to list the Agreement and, where a contract party remained uncertain, such Agreement may have been listed on a different Debtor's Schedule G.

Additionally, certain counterparties listed on Schedule G are individuals.  To avoid disclosing personal identifying information of these individuals, the Debtors have removed street addresses.

**15. Schedule H**.  The Debtors are party to various debt agreements, which were executed by multiple Debtors. The obligations of guarantors under prepetition, secured credit agreements are noted on Schedule H for each individual debtor. In the ordinary course of their businesses, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their businesses. Some of these matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because such claims are listed on each Debtor's Schedule E/F and SOFA Part 2, Question 7, as applicable, they have not been set forth individually on Schedule H. Further, the Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such

agreements. No claim set forth on the Schedules and Statements of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other Debtors or non-Debtors. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

**Specific Notes with Respect to the Debtors' Statement of Financial Affairs**

1. **SOFA Part 1, Question 1 – Gross Revenue from Business**
   **SOFA Part 1, Question 2 – Non-business revenue**

   The Debtors' fiscal year ends on:

   FY 2018: Comprised of 52 weeks ending December 30, 2018
   FY 2019: Comprised of 52 weeks ending December 29, 2019

2. **SOFA Part 2, Question 3 – Payments or transfers made to creditors within 90 days preceding commencement of this case**

   The Debtors have listed all payments made to creditors in the 90 days prior to the Petition Date on an individual payment basis and have not aggregated payments by unique creditor.  The Debtors have not listed such payments where the aggregate value of all property transferred to a creditor is less than $6,825.  The data is presented in alphabetical order by creditor name.

   The payments disclosed in Question 3 are based on payments made by the Debtors with transaction dates from March 24, 2020 to June 24, 2020. The actual dates that cash cleared the Debtors' bank accounts may differ based on the form of payment. The Debtors' accounts payable system does not include the corresponding payment clear dates and compiling this data would have required a significant manual review of individual bank statements. It is expected, however, that many payments included in Question 3 have payment clear dates that are the same as payment dates (e.g., wires and other forms of electronic payments).

   Question 3 includes any disbursement or other transfer made by the Debtors within 90 days before the Petition Date and excludes payments made on account of certain employee obligations including, but not limited to, medical costs and business expense reimbursements. Also, Question 3 includes accounts payable, and there may be some duplication with Question 4 regarding payments to insiders and certain disbursements or transfers to creditors otherwise listed in Question 9 and Question 11.

   All disbursements listed in response to Question 3 were made through the Debtors' cash management system.

3. **SOFA Part 2, Question 4 – Payments or transfers made within 1 year preceding commencement of this case to creditors who are or were insiders**

   Solely for purposes of these Statements and Schedules, the Debtors define "insiders' to include the following: (a) directors; (b) senior level officers; (c) significant equity holders and/or their

14

affiliates; (d) Debtor affiliates; and (e) relatives of any of the foregoing (to the extent known by the Debtors). Entities listed as "insiders" have been included for informational purposes and their inclusion shall not constitute an admission that those entities are insiders for purposes of section 101(31) of the Bankruptcy Code.

Question 4 accounts for a respective Debtor's intercompany transactions, as well as other transfers to insiders, as applicable.  As described in the Cash Management Motion [Docket No. 40], in the ordinary course of business, certain of the Debtor entities maintain business relationships with each other, resulting in intercompany receivables and payables. Because of the large number of intercompany transactions that occur within the Debtors' general ledger system, transfers to and from the Debtors have been aggregated on a monthly basis in response to Question 4.  Transfers included within these values may not be cash transactions, but rather are journal entries which are common practice within the Debtors' business.  Given the significant volume and ordinary course nature of these intercompany transactions, the Debtors may not have listed all intercompany transfers and transactions.

The Debtors have listed the corporate headquarters' address, in effect as of the Petition Date, for each of the Debtors' officers and directors.

The listing of a party as an Insider in the Schedules and Statements, however, is not intended to be, nor shall be, construed as a legal characterization or determination of such party as an actual insider and does not act as an admission of any fact, claim, right or defense, and all such rights, claims, and defenses are hereby expressly reserved.

4. **SOFA Part 2, Question 5 – Repossessions, foreclosures and returns**

On occasion, the Debtors may return damaged, unsatisfactory or out of specification goods to vendors in the ordinary course of business. Other than ordinary course items, the Debtors are not aware of any property that has been returned to the seller.

5. **SOFA Part 2, Question 6 – Setoffs made by any creditor within 90 days preceding commencement of this case**

The operating Debtors engage in certain customer programs, including return and refund programs pursuant to which customers may receive credits or discounts (e.g., loyalty programs and coupon offers – Docket No. 10, 87, 108, 207, and 407). Such transactions were not considered setoffs for the purpose of responding to Question 6, although the Debtors reserve all rights with respect thereto and make no admission of waiver thereby.

The Debtors have otherwise used their reasonable efforts to reflect setoffs made by creditors without permission that they are aware of; however, there may be instances where such a setoff has occurred without the Debtors' knowledge.

6. **SOFA Part 2, Question 7 – Legal actions, administrative proceedings, etc. to which the debtor is or was a party within one year of commencement of this case**

The Debtors have identified "Case Title," in some instances, by the applicable plaintiff's name. The Debtors used reasonable efforts to identify all pending litigation and assign appropriate descriptions thereto. In the event that the Debtors discover additional information pertaining to these legal actions identified in response to Question 7, the Debtors will use reasonable efforts to supplement the Statements in light thereof.  Additionally, certain pending or potential litigation listed in SOFA Part 2, Question 7 involves individual claimants.  To avoid disclosing personal identifying information of these individuals, the Debtors have listed such claimants as "Claimant [#]" on SOFA Part 2, Question 7 and removed street addresses.  The Debtors maintain a key of these claimants and relevant litigation information that has been or will be securely provided to the United States Trustee.  Based on the key, the Debtors intend to respond to legitimate requests by such claimants for information that would otherwise be set forth on the SOFAs.

The Debtors reserve all of their rights and defenses with respect to any and all listed lawsuits and administrative proceedings. The listing of such suits and proceedings shall not constitute an admission by the Debtors of any liabilities or that the actions or proceedings were correctly filed against the Debtors or any affiliates of the Debtors. The Debtors also reserve their rights to assert that neither the Debtors nor any affiliate of the Debtors is an appropriate party to such actions or proceedings. Further, the Debtors operate in numerous jurisdictions and in the ordinary course of business may have disputed property valuations/tax assessments. The Debtors have not listed such disputes on Question 7.

7. **SOFA Part 4, Question 9 – Gifts made within 2 years preceding commencement of this case, with an aggregate value over $1,000**

As part of the Debtors' customer program, it offers to fundraising organizations that directly benefit children's causes up to the age of 12, (e.g., tax exempt, non-profit organizations, schools, local sports teams, etc.) the ability to host fundraising events at a Chuck E. Cheese or Peter Piper Pizza location. The organization invites attendees to the restaurant advertising that CEC/PPP is sharing the proceeds with the organization, and the Debtors assist the organization with the planning and offers them promotional materials.  The Debtors share a portion of the total ticket/spend (including all food, merchandise and token deals purchased) associated with the specific guests the organization brings in on the day of their fundraising event equal to 15-20% and the amount is issued from the corporate office in the form of a check to the organization.  The Debtors do not refer to the fundraising payments as "gifts" and has not included them in this section.

8. **SOFA Part 5, Question 10 – Losses from fire, theft or other casualty within 1 year preceding the commencement of this case**

The Debtors occasionally incurred losses for a variety of reasons, including theft and property damage. The Debtors, however, may not have records of all such losses if such losses do not have a material impact on the Debtors' business or are not reported for insurance purposes. Accordingly, in this context, the Debtors have not listed such losses.

9. **SOFA Part 6, Question 11 – Payments or transfers related to debtor counseling or bankruptcy made within 1 year preceding commencement of this case**

The Debtors have used reasonable efforts to identify payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date, which are identified in CEC Entertainment, Inc.'s response to Statement 11. Additional information regarding the Debtors' retention of professional service firms is more fully described in the individual retention applications for those firms and related orders.

Additionally, the Debtors use a centralized cash management system whereby certain types of disbursements are made solely by CEC Entertainment, Inc. As a result, payments related to bankruptcy are reflected on the Statements of CEC Entertainment, Inc. only, but were made on behalf of all the Debtors.

10. **SOFA Part 6, Question 13 – Property transferred outside ordinary course of business within 2 years preceding commencement of this case**

The Debtors may, from time to time and in the ordinary course of business, transfer equipment and other assets and/or sell certain equipment and other assets to third parties. These types of ordinary course transfers have not been disclosed in Statement 13.

To the extent that the Debtors vacated store locations during the three years immediately preceding the commencement date, information on these former store locations is contained in the Debtors' response to Question 14. As part of the store closure process, the Debtors may sell equipment, hardware and other assets with value to interested parties such as the landlord and/or third-party liquidators. The Debtors may also abandon assets in place at the locations for which they have no future use or have been unable to sell to a third party. Certain *de minimis* transfers of assets resulting from such actions may not have been captured in the Debtors' response to Question 13.

11. **SOFA Part 10, Question 19 – Safe Deposit Boxes, used within 1 year preceding commencement of this case**

Although Debtors do not classify safes located at each of their venues as "safe deposit boxes", the Debtor's venues contain safes that are used to secure cash until it is deposited at local banks. Cash and coins used by cashiers to make change at the point of sale are also secured in the safes when not in use.  Further details can be found in SOAL A/B, Part 1, Question 2.

12. **SOFA Part 10, Question 20 – Off-premises storage, used within 1 year preceding commencement of this case**

The locations for off-premise storage do not include shippers that are holding goods in-transit, including but not limited to goods on ships, in trucks or in warehouses where they may be temporarily stored during the transport process.

**13. SOFA Part 11, Question 21 – Property held for another**

In the ordinary course of business, the Debtors' corporate and store locations contain various equipment and items owned by others including, but not limited to, CO2 tanks and helium tanks.  Additionally, the Debtors utilize leased property in their ordinary course of business. The Debtors have not attempted to value such property of third parties, including property left behind at store locations that are subject to the Debtors' motions to reject certain unexpired leases of nonresidential real property [Docket Nos. 45, 133].

**14. SOFA Part 13, Question 26 – Books, records, and financial statements**

The Debtors provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons. Recipients have included regulatory agencies, financial institutions, investment banks, debtholders, and their legal and financial advisors.  Financial statements have also been provided to other parties as requested.

**15. SOFA Part 13, Question 27 – Books, records, and financial statements**

Store inventory, which includes, without limitation, food, beverages, birthday supplies and merchandise, are inventoried on a monthly basis across all Chuck E. Cheese and Peter Piper Pizza locations.  The Debtors has aggregated the dollar amounts of store inventory across all CEC and PPP locations on a cost basis.

Merchandise inventory stored at the Debtors' supplier warehouse in southern California is inventoried on an annual basis and are assets of CEC Entertainment Inc.

Parts inventory, which is held in the Debtors' Topeka warehouses, is used for replacement of game parts and is inventoried on an annual basis, with cycle counts performed periodically.

**16. SOFA Part 13, Question 30 – Payments, distributions, or withdrawals credited to an insider within 1 year preceding commencement of this case**

The Debtors have included a response to Question 30 in Question 4.

**Fill in this information to identify the case:**

Debtor name  **SPT Distribution Company, Inc.**

United States Bankruptcy Court for the:  SOUTHERN DISTRICT OF TEXAS

Case number (if known)  **20-33177**

☐ Check if this is an amended filing

# Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals  **12/15**

| Part 1: | **Summary of Assets** |
|---|---|

1.   ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

    **1a. Real property:**
    Copy line 88 from *Schedule A/B*.......................................................................... $    **316,552.73**

    **1b. Total personal property:**
    Copy line 91A from *Schedule A/B*....................................................................... $    **25,722,125.48**

    **1c. Total of all property:**
    Copy line 92 from *Schedule A/B*.......................................................................... $    **26,038,678.21**

| Part 2: | **Summary of Liabilities** |
|---|---|

2.   ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*.................................... $    **864,238,000.00**

3.   ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

    **3a. Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*............................................................. $    **0.00**

    **3b. Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*................................................. +$    **216,836,534.94**

4.   **Total liabilities** ..................................................................................................
    Lines 2 + 3a + 3b      $    **1,081,074,534.94**

**Fill in this information to identify the case:**

Debtor name  **SPT Distribution Company, Inc.**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF TEXAS

Case number (if known)  **20-33177**

☐ Check if this is an amended filing

# Official Form 206A/B
# Schedule A/B: Assets - Real and Personal Property          12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

**Part 1:**   **Cash and cash equivalents**

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☑ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1.  **JP Morgan Chase** | **Distribution Account (ZBA)** | 0700 | $0.00 |

4. **Other cash equivalents** *(Identify all)*

5. **Total of Part 1.**          $0.00
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

**Part 2:**   **Deposits and Prepayments**

6. **Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.
☑ Yes Fill in the information below.

7. **Deposits, including security deposits and utility deposits**
Description, including name of holder of deposit

| 7.1.  **Kansas Gas Service - Utility Deposit** | $17,267.78 |
|---|---|

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

| 8.1.  **See Schedule A/B Part 2, Question 8 Attachment** | $2,662,172.52 |
|---|---|

Debtor   **SPT Distribution Company, Inc.**                          Case number *(If known)* **20-33177**
_____
Name

9.      **Total of Part 2.**                                                          | $2,679,440.30 |

Add lines 7 through 8. Copy the total to line 81.

**Part 3:**   **Accounts receivable**

10. **Does the debtor have any accounts receivable?**

☐ No.  Go to Part 4.
■ Yes Fill in the information below.

11.     **Accounts receivable**

11a. 90 days old or less:      37,206.01      -      37,206.01      = ....                    $0.00
_____                    _____
face amount                          doubtful or uncollectible accounts


11b. Over 90 days old:      373,048.33      -      373,048.33      = ....                    $0.00
_____                    _____
face amount                          doubtful or uncollectible accounts

12.     **Total of Part 3.**                                                          | $0.00 |

Current value on lines 11a + 11b = line 12.  Copy the total to line 82.

**Part 4:**   **Investments**

13. **Does the debtor own any investments?**

■ No.  Go to Part 5.
☐ Yes Fill in the information below.


**Part 5:**   **Inventory, excluding agriculture assets**

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☐ No.  Go to Part 6.
■ Yes Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19.   **Raw materials** | | | | |
| 20.   **Work in progress** | | | | |
| 21.   **Finished goods, including goods held for resale** | | | | |
| 22.   **Other inventory or supplies** Parts inventory for replacement of game parts | 12/16/2019 | $5,806,823.00 | Cost | $5,806,823.00 |

23.     **Total of Part 5.**                                                          | $5,806,823.00 |

Add lines 19 through 22.  Copy the total to line 84.

24.     **Is any of the property listed in Part 5 perishable?**
☐ No
■ Yes

25.     **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

Debtor    **SPT Distribution Company, Inc.**                                    Case number *(if known)*  **20-33177**
          Name

☑ No
☐ Yes. Book value _____    Valuation method _____    Current Value _____

26.    **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
       ☑ No
       ☐ Yes

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No.  Go to Part 7.
☐ Yes Fill in the information below.

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No.  Go to Part 8.
☐ Yes Fill in the information below.

| Part 8: | Machinery, equipment, and vehicles |

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No.  Go to Part 9.
☑ Yes Fill in the information below.

| General description<br>Include year, make, model, and identification numbers<br>(i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 47.    **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 48.    **Watercraft, trailers, motors, and related accessories** *Examples:* Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 49.    **Aircraft and accessories** | | | |
| 50.    **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**<br>Other machinery, fixtures, and equipment (excluding farm machinery and equipment) | **$17,235,862.18** | Straight Line | **$17,235,862.18** |

51.    **Total of Part 8.**                                                              **$17,235,862.18**
       Add lines 47 through 50.  Copy the total to line 87.

52.    **Is a depreciation schedule available for any of the property listed in Part 8?**
       ☐ No
       ☑ Yes

53.    **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
       ☑ No
       ☐ Yes

| Part 9: | Real property |

54. **Does the debtor own or lease any real property?**

☐ No.  Go to Part 10.

Debtor   **SPT Distribution Company, Inc.**                    Case number *(If known)* **20-33177**
_____
Name

■ Yes Fill in the information below.

55.   **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1.   **See Schedule A/B Part 9, Questions 55-58 Attachment** | | $316,552.73 | Straight Line | $316,552.73 |

56.   **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

| |
|---|
| $316,552.73 |

57.   **Is a depreciation schedule available for any of the property listed in Part 9?**
☐ No
■ Yes

58.   **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
■ No
☐ Yes

| Part 10: | Intangibles and intellectual property |
|---|---|

59. **Does the debtor have any interests in intangibles or intellectual property?**

■ No.  Go to Part 11.
☐ Yes Fill in the information below.

| Part 11: | All other assets |
|---|---|

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No.  Go to Part 12.
■ Yes Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

71.   **Notes receivable**
Description (include name of obligor)

**See Global Notes**     0.00   -   0.00   =   $0.00
Total face amount      doubtful or uncollectible amount

72.   **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

73.   **Interests in insurance policies or annuities**

74.   **Causes of action against third parties (whether or not a lawsuit has been filed)**

75.   **Other contingent and unliquidated claims or causes of action of**

Debtor    **SPT Distribution Company, Inc.**                                    Case number *(If known)*  **20-33177**
_____
Name

**every nature, including counterclaims of the debtor and rights to
set off claims**

76.    **Trusts, equitable or future interests in property**

**See Global Notes**                                                                                    **$0.00**
_____                                         _____

77.    **Other property of any kind not already listed** *Examples:* Season tickets,
country club membership

78.    **Total of Part 11.**                                                                        | **$0.00** |
Add lines 71 through 77. Copy the total to line 90.

79.    **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
■ No
☐ Yes

Debtor   **SPT Distribution Company, Inc.**                    Case number *(If known)*  **20-33177**
           Name

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $2,679,440.30 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $5,806,823.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $17,235,862.18 | |
| 88. **Real property.** *Copy line 56, Part 9*.........................................................> | | $316,552.73 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $25,722,125.48 | + 91b. $316,552.73 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $26,038,678.21 |

In re SPT Distribution Company, Inc.

Case No. 20-33177 (MI)

Schedule A/B:  Part 2, Question 8 - Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent

| Name of Holder of the Prepayment | Description of the Prepayment | Current Value of Debtor's Interest |
|---|---|---|
| Adrenaline Amusements Inc | Fixed Asset | $36,570.00 |
| Alta Pak Midwest Inc | Fixed Asset | $1,332.00 |
| American Solutions For Business | Fixed Asset | $356.00 |
| Amusements Worldwide Llc | Fixed Asset | $540.35 |
| Amusements Worldwide Llc | Inventory | $3,478.43 |
| Andamiro Usa Corp | Fixed Asset | $148,850.00 |
| Asahi Seiko Usa Inc | Inventory | $9,907.20 |
| Barcodes Inc | Inventory | $43,260.00 |
| Bay Tek Games Inc | Fixed Asset | $50.00 |
| Binswanger Glass | Inventory | $316.00 |
| Corman & Associates Inc | Fixed Asset | $29,205.00 |
| Cowan Costumes Inc | Inventory | $4,157.17 |
| Custom Products Audio LLC | Fixed Asset | $271.95 |
| Dedem S.p.A. | Inventory | $5,016.92 |
| Deltronic Labs Inc | Fixed Asset | $187,986.00 |
| Deltronic Labs Inc | Inventory | $1,995.00 |
| Digi-Key Corporation | Inventory | $0.96 |
| Eagle Fluid Power Inc | Inventory | $1,647.30 |
| Falgas Commercial S.L. | Inventory | $615.50 |
| Family Fun Companies Inc | Fixed Asset | $236.04 |
| Fastenal Company | Fixed Asset | $14.80 |
| Fastenal Company | Inventory | $1,191.32 |
| FUN EXPRESS | Inventory | $739,928.40 |
| Grainger | Fixed Asset | $1,572.08 |
| G-Sheen Enterprise CO LTD | Inventory | $24,000.00 |
| Guangzhou Senbe-Lamp Electric Plant | Inventory | $9,369.00 |
| Helix Leisure USA Inc | Fixed Asset | $3,870.00 |
| HK FYF Technology Limited | Inventory | $48,400.00 |
| HKE Solutions LLC | Fixed Asset | $2,315.00 |
| HKE Solutions LLC | Inventory | $150.00 |

1 of 3

In re SPT Distribution Company, Inc.

Case No. 20-33177 (MI)

Schedule A/B:  Part 2, Question 8 - Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent

| Name of Holder of the Prepayment | Description of the Prepayment | Current Value of Debtor's Interest |
|---|---|---|
| Huizhou Desay Intelligent Technology Co LTD | Fixed Asset | $50,814.00 |
| Huizhou Desay Intelligent Technology Co LTD | Inventory | $3,900.00 |
| Ingersoll-Rand | Fixed Asset | $2,035.18 |
| Innovative Concepts In Entertainment Inc | Fixed Asset | $22.42 |
| Innovative Concepts In Entertainment Inc | Inventory | $3,330.00 |
| Innovative Concepts Inc | Fixed Asset | $669.28 |
| Itt Enidine Inc | Inventory | $652.20 |
| Jennison Entertainment Technologies | Fixed Asset | $142.95 |
| John Ferguson Spares | Inventory | $3,419.35 |
| Jolly Roger Amusement Rides | Fixed Asset | $108.08 |
| Jolly Roger Amusement Rides | Inventory | $28,439.73 |
| M.P. Group | Inventory | $876.61 |
| Maas International Inc | Inventory | $251.64 |
| Mecpower Corporation | Inventory | $132.00 |
| Midnite Amusements LLC | Inventory | $410.00 |
| Mission Electronics Inc | Fixed Asset | $627.20 |
| Panavise Products Inc | Fixed Asset | $485.70 |
| Parkway Construction & Assoc | Fixed Asset | $96,842.70 |
| PCM Sales, Inc. | Inventory | $668.76 |
| Performance Food Group Inc | Fixed Asset | $489.23 |
| PK Electronics | Inventory | $5,880.00 |
| Play It Amusement Inc | Fixed Asset | $739.90 |
| Sega Amusement Europe Ltd | Fixed Asset | $126,500.00 |
| Semnox Solutions LLC | Fixed Asset | $17,210.00 |
| Semnox Solutions LLC | Fixed Asset | $198,400.00 |
| Semnox Solutions LLC | Inventory | $786,781.33 |
| ShopJimmy.com LLC | Inventory | $94.40 |
| Smartcard Focus | Inventory | $8,817.19 |
| Stuart Hose & Pipe Co Inc | Inventory | $211.50 |
| Sureway Tool & Engineering Co | Fixed Asset | $6,234.76 |

In re SPT Distribution Company, Inc.

Case No. 20-33177 (MI)

Schedule A/B:  Part 2, Question 8 - Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent

| Name of Holder of the Prepayment | Description of the Prepayment | Current Value of Debtor's Interest |
|---|---|---|
| Suzohapp Americas LLC | Fixed Asset | $390.40 |
| Suzohapp Americas LLC | Inventory | $5,012.75 |
| Tecway International | Inventory | $504.20 |
| Tessendorf Welding & Machine | Inventory | $1,202.84 |
| Times Square Stage Lighting Co, Inc. | Fixed Asset | $283.00 |
| Triotech Amusement | Fixed Asset | $15.00 |
| Webb Mason Inc | Inventory | $1,920.00 |
| Yip Wai Lun | Fixed Asset | $664.00 |
| Yip Wai Lun | Inventory | $391.80 |
| | Total: | $2,662,172.52 |

In re SPT Distribution Company, Inc.
Case No. 20-33177 (MI)
Schedule A/B:  Part 9, Questions 55-58 - Real Property

| Description and Location of Property | Nature and Extent of Debtor's Interest In Property | Net Book Value of Debtor's Interest | Valuation Method Used for Current Value | Current Value of Debtor's Interest |
|---|---|---|---|---|
| SPT Warehouse Leasehold Improvement Assets | Lease Hold Improvements | $316,552.73 | Straight-Line Depreciation | $316,552.73 |
| | | | **Total:** | **$316,552.73** |

**Fill in this information to identify the case:**

Debtor name     **SPT Distribution Company, Inc.**

United States Bankruptcy Court for the:     SOUTHERN DISTRICT OF TEXAS

Case number (if known)     **20-33177**

☐ Check if this is an amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property                    12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

**Part 1:     List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | | Column A | Column B |
|---|---|---|---|---|
| | | | **Amount of claim** | **Value of collateral that supports this claim** |
| | | | Do not deduct the value of collateral. | |
| 2.1 | **See Schedule D Attachment**<br>Creditor's Name | **Describe debtor's property that is subject to a lien** | **$864,238,000.00** | **$0.00** |

Creditor's mailing address

**Describe the lien**

Creditor's email address, if known

**Is the creditor an insider or related party?**

■ No

☐ Yes

**Date debt was incurred**

**Is anyone else liable on this claim?**

■ Yes. Fill out Schedule H: Codebtors (Official Form 206H)

☐ No

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

■ No

☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.     **$864,238,000.00**

**Part 2:     List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|

In re SPT Distribution Company, Inc.
Case No. 20-33177 (MI)
Schedule D:  Part 1 - Creditors Who Have Claims Secured by Property

| Creditor Name | Address1 | City | State | Zip | Email | Last 4 Digits of Account Number | Insider or Related Party? | Codebtor | If Multiple Creditors Have an Interest in the Same Property, Specific Each Creditor and Its Relative Priority | Date Debt was Incurred; Description of Debtor's Property Subject to the Lien and the Nature of Lien | Contingent | Unliquidated | Disputed | Amount of Claim | Value of Collateral that Supports this Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Credit Suisse AG | Eleven Madison Avenue | New York | NY | 10010-3626 | eric.boyd @credit-suisse.com lawrence.park@credit-suisse.com | | No | CEC Entertainment, Inc. BHC Acquisition Corporation CEC Entertainment Concepts, L.P. CEC Entertainment Holdings, LLC CEC Entertainment International, LLC CEC Entertainment Leasing Company CEC Leaseholder, LLC CEC Leaseholder #2, LLC Hospitality Distribution Incorporated Peter Piper Holdings, Inc. Peter Piper, Inc. Peter Piper Texas, LLC Peter Piper Mexico, LLC Queso Holdings Inc. SB Hospitality Corporation Texas PP Beverage, Inc. | | 8/30/2019; As Administrative Agent First Lien Credit Agreement (Term Loan) on behalf of the Issuing Banks and Lenders | | | | $756,200,000.00 | Undetermined |
| Credit Suisse AG | Eleven Madison Avenue | New York | NY | 10010-3626 | eric.boyd @credit-suisse.com lawrence.park@credit-suisse.com | | No | CEC Entertainment, Inc. BHC Acquisition Corporation CEC Entertainment Concepts, L.P. CEC Entertainment Holdings, LLC CEC Entertainment International, LLC CEC Entertainment Leasing Company CEC Leaseholder, LLC CEC Leaseholder #2, LLC Hospitality Distribution Incorporated Peter Piper Holdings, Inc. Peter Piper, Inc. Peter Piper Texas, LLC Peter Piper Mexico, LLC Queso Holdings Inc. SB Hospitality Corporation Texas PP Beverage, Inc. | | 8/30/2019; As Administrative Agent First Lien Credit Agreement (Revolver) on behalf of the Issuing Banks and Lenders | | | | $108,038,000.00 | Undetermined |
| | | | | | | | | | | Total: | | | | $864,238,000.00 | Undetermined |

**Fill in this information to identify the case:**

Debtor name __**SPT Distribution Company, Inc.**__

United States Bankruptcy Court for the: __SOUTHERN DISTRICT OF TEXAS__

Case number (if known) __**20-33177**__

☐ Check if this is an amended filing

# Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims
**12/15**

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:    List All Creditors with PRIORITY Unsecured Claims**

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☐ No. Go to Part 2.

   ☑ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|
| **2.1** Priority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $0.00 | $0.00 |

**2.1** Priority creditor's name and mailing address

**See Schedule E/F Part 1 Attachment**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Last 4 digits of account number

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8)

Basis for the claim:

Is the claim subject to offset?

☑ No

☐ Yes

**Part 2:    List All Creditors with NONPRIORITY Unsecured Claims**

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|
| **3.1** Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $216,836,534.94 |

**3.1** Nonpriority creditor's name and mailing address

**See Schedule E/F Part 2 Attachment**

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** _

Is the claim subject to offset?   ☑ No   ☐ Yes

**Part 3:    List Others to Be Notified About Unsecured Claims**

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

**Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims**

5. **Add the amounts of priority and nonpriority unsecured claims.**

Debtor   **SPT Distribution Company, Inc.**
Name

Case number (if known)   **20-33177**

|  | | Total of claim amounts |
|---|---|---|
| **5a. Total claims from Part 1** | 5a. $ | **0.00** |
| **5b. Total claims from Part 2** | 5b. + $ | **216,836,534.94** |
| **5c. Total of Parts 1 and 2** <br> Lines 5a + 5b = 5c. | 5c. $ | **216,836,534.94** |

In re SPT Distribution Company, Inc.
Case No. 20-33177 (MI)
Schedule E/F: Part 1 - Creditors With Priority Unsecured Claims

| Creditor Name | Address | City | State | Zip | Date Debt was Incurred, Basis for Claim | Specify Code Subsection of Priority Unsecured Claim | Contingent | Unliquidated | Disputed | Claim subject to offset? | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FLORIDA DEPT OF REVENUE | 5050 W. TENNESSEE, BUILDING F4 | TALLAHASSEE | FL | 32399-0100 | TAX | 11 U.S.C. § 507(a)(8) | Y | Y | Y | | $0.00 | $0.00 |
| INDIANA DEPT OF REVENUE | P. O. BOX 7226 | INDIANAPOLIS | IN | 46207-7226 | TAX | 11 U.S.C. § 507(a)(8) | Y | Y | Y | | $0.00 | $0.00 |
| LOUISIANA DEPT OF REVENUE | P. O. BOX 751 | BATON ROUGE | LA | 70821-0751 | TAX | 11 U.S.C. § 507(a)(8) | Y | Y | Y | | $0.00 | $0.00 |
| NEW MEXICO DEPT OF REVENUE | 1100 SOUTH ST. FRANCIS DRIVE | SANTA FE | NM | 87504 | TAX | 11 U.S.C. § 507(a)(8) | Y | Y | Y | | $0.00 | $0.00 |
| SHAWNEE COUNTY TREASURER | SHAWNEE COUNTY TREASURER, 200 SE 7TH STREET, ROOM 101 | TOPEKA | KS | 66603-3959 | TAX | 11 U.S.C. § 507(a)(8) | Y | Y | Y | | $0.00 | $0.00 |
| SOUTH CAROLINA DEPT OF REVENUE | 300A OUTLET POINTE BOULEVARD | COLUMBIA | SC | 29210 | TAX | 11 U.S.C. § 507(a)(8) | Y | Y | Y | | $0.00 | $0.00 |
| | | | | | | | | | | Total: | $0.00 | $0.00 |

In re SPT Distribution Company, Inc.
Case No. 20-33177 (MI)
Schedule E/F:  Part 2 - Creditors With Nonpriority Unsecured Claims

| Creditor Name | Address | City | State | Zip | Country | Last 4 Digits of Account Number | Date Debt was Incurred, Basis for Claim | Contingent | Unliquidated | Disputed | Claim subject to offset? | Total Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1000Bulbs.Com | 2140 Merritt Drive | Garland | TX | 75041 | | | Trade Debt | | | | | $122.25 |
| Accent Distribuing, LLC | 4123 Clark Road | Sarasota | Florida | 34233 | | | Trade Debt | | | | | $716.43 |
| Aci Plastics | 3001 Spruce St | St Louis | MO | 63103 | | | Trade Debt | | | | | $1,079.00 |
| Advanced Graphic Designs | 20 Adair Drive Ste B | Carson City | Nevada | 89706 | | | Trade Debt | | | | | $5,245.00 |
| Aire-Ride Transfer Inc | 595 Shrewsbury Ave Ste 204 | Shrewsbury | New Jersey | 07702 | | | Trade Debt | | | | | $3,000.00 |
| AIT Worldwide Logistics | PO Box 775379 | Chicago | IL | 60677-5379 | | | Trade Debt | | | | | $1,701.37 |
| Allied Electronics Inc | PO Box 841811 | Dallas | TX | 75284-1811 | | | Trade Debt | | | | | $6,732.96 |
| Alta Pak Midwest Inc | 3401 N Jackson Ave | Kansas City | MO | 64117 | | | Trade Debt | | | | | $1,513.73 |
| Amusements Worldwide Llc | 1999 McKinney Ave Unit 1408 | Dallas | TX | 75201 | | | Trade Debt | | | | | $1,923.09 |
| Andamiro Usa Corp | 17230 S Main St | Gardena | CA | 90248 | | | Trade Debt | | | | | $255,983.04 |
| Asahi Seiko Usa Inc | 6644 S Paradise Rd | Las Vegas | Nevada | 89119-3719 | | | Trade Debt | | | | | $12,198.24 |
| Audio Electronics Dallas | 10870 Plano Road Suite C | Dallas | TX | 75238 | | | Trade Debt | | | | | $3,202.02 |
| Bandai Namco Amusement | 712 North Central Ave Ste B | Wood dale | IL | 60191-1263 | | | Trade Debt | | | | | $37.30 |
| Betson Enterprises | 303 Paterson Plank Road | Carlstadt | New Jersey | 07072-2307 | | | Trade Debt | | | | | $1,909.21 |
| Binswanger Glass | PO Box 679331 | Dallas | TX | 75267-9331 | | | Trade Debt | | | | | $863.50 |
| Bob's Janitorial Service & Supply | 725 NE Hwy 24 Ste A | Topeka | Kansas | 66608 | | | Trade Debt | | | | | $973.08 |
| Brother International Corp | Dept 0456, PO Box 120456 | Dallas | TX | 75312-0456 | | | Trade Debt | | | | | $1,116.23 |
| C & R Services Incorporated | 2035 Fair Oaks Circle | Corinth | TX | 76210 | | | Trade Debt | | | | | $9,721.55 |
| Cajun Electric Motors, Inc. | P.O. Box 2459 | Red Oak | TX | 75154 | | | Trade Debt | | | | | $8,089.80 |
| CDW Computer Centers, INC. | P.O. Box 75723 | Chicago | IL | 60675-5723 | | | Trade Debt | | | | | $392,197.96 |
| Coast To Coast Entertainment LLC | 2201 4th Ave N | Lake Worth Beach | Florida | 33461-3835 | | | Trade Debt | | | | | $4,364.75 |
| Color Brite Fabrics & Display Inc | 6915 Harrison Ave | Cincinnati | Ohio | 45247 | | | Trade Debt | | | | | $1,509.61 |
| Crystal And Hinckley Springs | PO Box 660579 | Dallas | TX | 75266-0579 | | | Trade Debt | | | | | $326.56 |
| Custom Products Audio LLC | PO Box 609 | Magnolia | Arkansas | 71754-0609 | | | Trade Debt | | | | | $786.45 |
| Data Optics Cable Inc | 11425 Mathis Ste 502 | Dallas | TX | 75234 | | | Trade Debt | | | | | $950.00 |
| Dedem S.p.A. | 42124 Z.I. Mancasale, Via G. Boetti 16, 16 Reggio Emilia RE | | | | | | Trade Debt | | | | | $6,117.60 |
| Deltronic Labs Inc | 120 Liberty Ln | Chalfont | Pennsylvania | 18914-1820 | | | Trade Debt | | | | | $95,699.00 |
| DHL Express USA Inc | 16592 Collections Center Dr | Chicago | IL | 60693 | | | Trade Debt | | | | | $32,154.72 |
| Digi-Key Corporation | PO Box 250 | Thief River Falls | Minnesota | 56701-0250 | | | Trade Debt | | | | | $1,088.58 |
| Fastenal Company | PO Box 978 | Winona | Minnesota | 55987-0978 | | | Trade Debt | | | | | $1,118.40 |
| Forbes Industrial Park LLC | C/O Kessinger-Hunter & Co, 2600 Grand Blvd STE 700 | Kansas City | MO | 64108 | | | Trade Debt | | | | | $19,804.62 |
| Garner Holt Productions Inc | 1255 Research Dr | Redlands | CA | 92374 | | | Trade Debt | | | | | $541.25 |
| Grainger | Dept 192-825802846 | Palatine | IL | 60038-0001 | | | Trade Debt | | | | | $3,797.02 |
| Hartfiel Automation | Nw 6091, PO Box 1450 | Minneapolis | Minnesota | 55485-6091 | | | Trade Debt | | | | | $272.00 |
| HKE Solutions LLC | 18150 E 32nd Pl Unit E | Aurora | CO | 80011 | | | Trade Debt | | | | | $5,256.00 |
| Igus Bearings | PO Box 14349 | East Providence | Rhode Island | 02914 | | | Trade Debt | | | | | $115.50 |
| Imonex Service Inc | PO Box 390 | Sealy | TX | 77474 | | | Trade Debt | | | | | $1,234.08 |
| Innovative Concepts In Entertainment Inc | PO Box 600 | Clarence | New York | 14031 | | | Trade Debt | | | | | $460.00 |
| Interface Flor LLC | PO Box 743162 | Atlanta | Georgia | 30374-3162 | | | Trade Debt | | | | | $31,866.99 |
| Itech Digital | 6330 East 75th St Ste 132 | Indianapolis | Indiana | 46250 | | | Trade Debt | | | | | $2,780.00 |
| Itt Enidine Inc | 28556 NetWork Place | Chicago | IL | 60673-1285 | | | Trade Debt | | | | | $703.00 |
| J&J Squared INC | 4596 SE Hwy 69 | Lathrop | MO | 64465 | | | Trade Debt | | | | | $1,800.00 |
| Jameco Electronics | 1355 Shoreway Rd | Belmont | CA | 94002 | | | Trade Debt | | | | | $48.30 |
| Keystone Automotive Industries | 5725 S Topeka Blvd | Topeka | Kansas | 66619 | | | Trade Debt | | | | | $1,340.20 |

In re SPT Distribution Company, Inc.
Case No. 20-33177 (MI)
Schedule E/F:  Part 2 - Creditors With Nonpriority Unsecured Claims

| Creditor Name | Address | City | State | Zip | Country | Last 4 Digits of Account Number | Date Debt was Incurred, Basis for Claim | Contingent | Unliquidated | Disputed | Claim subject to offset? | Total Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Maas International Inc | 7101 Adams St Bldg 3 | Willowbrook | IL | 60527 | | | Trade Debt | | | | | $251.64 |
| Max Art Productions LLC | 3934 Silvestri Lane | Las Vegas | Nevada | 89120 | | | Trade Debt | | | | | $270.00 |
| Midnite Amusements LLC | 372 Gregory M Sears Dr | Gilbert | IL | 60136 | | | Trade Debt | | | | | $9,253.00 |
| Mitsubishi Electric US Inc | MEUS Group 05, 25480 Network Place | Chicago | IL | 60673-1254 | | | Trade Debt | | | | | $1,458.18 |
| Moss Distributing Inc | 1801 Guthrie Ave | Des Moines | Iowa | 50316 | | | Trade Debt | | | | | $2,026.61 |
| Motion Industries Inc | PO Box 504606 | St Louis | MO | 63150 | | | Trade Debt | | | | | $168.95 |
| Mouser Electronics Inc | PO Box 99319 | Fort Worth | TX | 76199-0319 | | | Trade Debt | | | | | $66.50 |
| Multi Products Company Inc | 5301 21st St | Racine | Wisconsin | 53406 | | | Trade Debt | | | | | $8,000.00 |
| Newark Element14 | 33190 Collection Center Dr | Chicago | IL | 60693-0331 | | | Trade Debt | | | | | $1,582.76 |
| Ngs Printing | 1400 Crispin Drive | Elgin | IL | 60123 | | | Trade Debt | | | | | $2,212.35 |
| Outwater Plastics Industries | PO Box 500 | Bogota | New Jersey | 07603 | | | Trade Debt | | | | | $1,067.50 |
| Partec Inc | 9301 W.Belmont Ave | Franklin Park | IL | 60131 | | | Trade Debt | | | | | $2,590.00 |
| Paydayz Staffing Solutions, Inc | PO Box 731152 | Dallas | TX | 75373-1152 | | | Trade Debt | | | | | $1,987.25 |
| PCCables.Com Inc | PO Box 50625 | Lighthouse Point | Florida | 33074 | | | Trade Debt | | | | | $11,737.00 |
| PCM Sales, Inc. | File 55327 | Los Angeles | CA | 90074-5327 | | | Trade Debt | | | | | $12,404.31 |
| Pioneer Balloon Company | PO Box 71357 | Cleveland | Ohio | 44191-0557 | | | Trade Debt | | | | | $16,265.08 |
| Play It Amusement Inc | 870 Lively Blvd | Wood Dale | IL | 60191 | | | Trade Debt | | | | | $37.16 |
| Schneider Transportation Management | P. O. Box 841831 | Dallas | TX | 75284-1831 | | | Trade Debt | | | | | $1,173.00 |
| Semnox Solutions LLC | 11498 Luna Road Ste 200 | Dallas | TX | 75234 | | | Trade Debt | | | | | $15,993.47 |
| Shoppa's Mid America LLC | 1301 N Corrington Ave | Kansas City | MO | 64120 | | | Trade Debt | | | | | $4,877.24 |
| Suddath Global Logistics LLC | PO Box 10489 | Jacksonville | Florida | 32247 | | | Trade Debt | | | | | $72,910.50 |
| Sunsource Inc | PO Box 74007453 | Chicago | IL | 60674-7453 | | | Trade Debt | | | | | $406.00 |
| Suzohapp Americas LLC | 7331 Solutions Center | Chicago | IL | 60677-7003 | | | Trade Debt | | | | | $3,181.82 |
| Tessendorf Welding & Machine | 128 SW Van Buren St | Topeka | Kansas | 66603-3318 | | | Trade Debt | | | | | $180.00 |
| Testco | 1290 Kifer Rd Ste 308 | Sunnyvale | CA | 94086 | | | Trade Debt | | | | | $14,177.76 |
| Tocos | 1177 E Tower Rd | Schaumburg | IL | 60173 | | | Trade Debt | | | | | $0.00 |
| TruTemp, LLC | PO Box 639473 | Cincinnati | Ohio | 45263-9473 | | | Trade Debt | | | | | $278.00 |
| Unifirst Corporation | 563 N Cleary Rd | West Palm Beach | Florida | 33413 | | | Trade Debt | | | | | $493.36 |
| Unishippers | PO Box 4011 | Greenwood Village | CO | 80155 | | | Trade Debt | | | | | $60.00 |
| Vendors Repair Service Inc | 6025 Cinderlane Pkwy | Orlando | Florida | 32810 | | | Trade Debt | | | | | $738.32 |
| Waste Management | PO Box 55558 | Boston | MA | 02205-5558 | | | Trade Debt | | | | | $2,500.89 |
| Webb Mason Inc | PO Box 62414 | Baltimore | Maryland | 21264-2414 | | | Trade Debt | | | | | $2,010.96 |
| Wiese USA Inc. | PO Box 60106 | St Louis | MO | 63160 | | | Trade Debt | | | | | $2,265.00 |
| | | | | | | | | | | | Total: | $1,115,085.00 |
| Claimant #1495 | | Topeka | KS | 66614 | | | Litigation Claims | Y | Y | Y | | $0.00 |
| Forbes Industrial Park LLC | C/O Kessinger-Hunter & Co, 2600 Grand Blvd STE 700 | Kansas City | MO | | | 64108 | Overdue Lease Payments | Y | Y | Y | | $449.94 |
| Wilmington Trust | PO Box 8955 | Wilmington | DE | 19899-8955 | | | Unsecured Notes | | | | | $215,721,000.00 |
| | | | | | | | | | | | Total: | $215,721,449.94 |

**Fill in this information to identify the case:**

Debtor name          **SPT Distribution Company, Inc.**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF TEXAS

Case number (if known)   **20-33177**

☐ Check if this is an
   amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases                12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.**

1.  **Does the debtor have any executory contracts or unexpired leases?**
    ☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
    ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal   Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.1.** State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | **See Schedule G Attachment** |

In re SPT Distribution Company, Inc.
Case No. 20-33177 (MI)
Schedule G:  Executory Contracts and Unexpired Leases

| Contract Counterparty | Address | City | State | Zip | Country | Description of Contract or Lease and Nature of Debtor's Interest | Date of Contract or Lease | Remaining Term | List Contract Number of Any Government Contract |
|---|---|---|---|---|---|---|---|---|---|
| Bay Tek Entertainment | Bay Tek Entertainment, 1077 E. Glenbrook Dr. | Pulaski | WI | 54162 | | Arcade Game Provider - Master Agreement | 1/30/2020 | Open/Perpetual | |
| Elaut/Benchmark | 2201 4th Ave North | Lake Worth | FL | 33461 | | Arcade Game Provider - Master Agreement | 12/9/2019 | Open/Perpetual | |
| Forbes Industrial Park LLC | C/O Kessinger-Hunter & Co, 2600 Grand Blvd STE 700 | Kansas City | MO | 64108 | | Warehouse Lease | 01-Sep-2013 | 31-Aug-2024 | |
| Innovative Concepts in Entertainment, Inc. | 10123 Main St. | Clarence | NY | 14031 | | Arcade Game Provider - Master Agreement | 12/10/2019 | Open/Perpetual | |
| Ricks Freight Service LLC | 19205 Timber Ridge Rd | Kearney | MO | 64060 | | Trucking Services - Master Services Agreement | 2/19/2020 | Open/Perpetual | |
| Simmers Trucking, Inc. | Simmers Trucking, Inc., 23450 Redbird Lane | Wright City | MO | 63390 | | Trucking Services - Master Services Agreement | 2/19/2020 | Open/Perpetual | |

**Fill in this information to identify the case:**

Debtor name **SPT Distribution Company, Inc.**

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF TEXAS

Case number (if known) **20-33177**

☐ Check if this is an amended filing

Official Form 206H
## Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

### 1. Do you have any codebtors?

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

### 2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G. Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| Name | Mailing Address | Name | Check all schedules that apply: |
| 2.1 **See Schedule H Attachment** | | | ☐ D _____ <br> ☐ E/F _____ <br> ☐ G _____ |

In re SPT Distribution Company, Inc.
Case No. 20-33177 (MI)
Schedule H:  Codebtors

| Name of Codebtor | Address1 | City | State | Zip | Name of Creditor | Applicable Schedules (D, E/F, G) |
|---|---|---|---|---|---|---|
| BHC Acquisition Corporation | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Credit Suisse AG, Caymans Islands Branch, First Lien Term Loan | D |
| BHC Acquisition Corporation | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Credit Suisse AG, Caymans Islands Branch, Revolver | D |
| BHC Acquisition Corporation | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Wilmington Trust, National Association, as trustee for 8.000% senior Unsecured Notes due 2022 | E/F |
| CEC Entertainment Concepts, L.P. | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Credit Suisse AG, Caymans Islands Branch, First Lien Term Loan | D |
| CEC Entertainment Concepts, L.P. | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Credit Suisse AG, Caymans Islands Branch, Revolver | D |
| CEC Entertainment Concepts, L.P. | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Wilmington Trust, National Association, as trustee for 8.000% senior Unsecured Notes due 2022 | E/F |
| CEC Entertainment Holdings, LLC | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Credit Suisse AG, Caymans Islands Branch, First Lien Term Loan | D |
| CEC Entertainment Holdings, LLC | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Credit Suisse AG, Caymans Islands Branch, Revolver | D |
| CEC Entertainment Holdings, LLC | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Wilmington Trust, National Association, as trustee for 8.000% senior Unsecured Notes due 2022 | E/F |
| CEC Entertainment International, LLC | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Credit Suisse AG, Caymans Islands Branch, First Lien Term Loan | D |
| CEC Entertainment International, LLC | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Credit Suisse AG, Caymans Islands Branch, Revolver | D |
| CEC Entertainment International, LLC | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Wilmington Trust, National Association, as trustee for 8.000% senior Unsecured Notes due 2022 | E/F |
| CEC Entertainment Leasing Company | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Credit Suisse AG, Caymans Islands Branch, First Lien Term Loan | D |
| CEC Entertainment Leasing Company | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Credit Suisse AG, Caymans Islands Branch, Revolver | D |
| CEC Entertainment Leasing Company | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Wilmington Trust, National Association, as trustee for 8.000% senior Unsecured Notes due 2022 | E/F |
| CEC Entertainment, Inc. | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Credit Suisse AG, Caymans Islands Branch, First Lien Term Loan | D |
| CEC Entertainment, Inc. | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Credit Suisse AG, Caymans Islands Branch, Revolver | D |
| CEC Entertainment, Inc. | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Wilmington Trust, National Association, as trustee for 8.000% senior Unsecured Notes due 2022 | E/F |
| CEC Leaseholder #2, LLC | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Credit Suisse AG, Caymans Islands Branch, First Lien Term Loan | D |
| CEC Leaseholder #2, LLC | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Credit Suisse AG, Caymans Islands Branch, Revolver | D |
| CEC Leaseholder #2, LLC | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Wilmington Trust, National Association, as trustee for 8.000% senior Unsecured Notes due 2022 | E/F |
| CEC Leaseholder, LLC | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Credit Suisse AG, Caymans Islands Branch, First Lien Term Loan | D |
| CEC Leaseholder, LLC | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Credit Suisse AG, Caymans Islands Branch, Revolver | D |
| CEC Leaseholder, LLC | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Wilmington Trust, National Association, as trustee for 8.000% senior Unsecured Notes due 2022 | E/F |
| Hospitality Distribution Incorporated | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Credit Suisse AG, Caymans Islands Branch, First Lien Term Loan | D |
| Hospitality Distribution Incorporated | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Credit Suisse AG, Caymans Islands Branch, Revolver | D |
| Hospitality Distribution Incorporated | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Wilmington Trust, National Association, as trustee for 8.000% senior Unsecured Notes due 2022 | E/F |
| Peter Piper Holdings, Inc. | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Credit Suisse AG, Caymans Islands Branch, First Lien Term Loan | D |

In re SPT Distribution Company, Inc.
Case No. 20-33177 (MI)
Schedule H:  Codebtors

| Name of Codebtor | Address1 | City | State | Zip | Name of Creditor | Applicable Schedules (D, E/F, G) |
|---|---|---|---|---|---|---|
| Peter Piper Holdings, Inc. | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Credit Suisse AG, Caymans Islands Branch, Revolver | D |
| Peter Piper Holdings, Inc. | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Wilmington Trust, National Association, as trustee for 8.000% senior Unsecured Notes due 2022 | E/F |
| Peter Piper Mexico, LLC | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Credit Suisse AG, Caymans Islands Branch, First Lien Term Loan | D |
| Peter Piper Mexico, LLC | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Credit Suisse AG, Caymans Islands Branch, Revolver | D |
| Peter Piper Mexico, LLC | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Wilmington Trust, National Association, as trustee for 8.000% senior Unsecured Notes due 2022 | E/F |
| Peter Piper Texas, LLC | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Credit Suisse AG, Caymans Islands Branch, First Lien Term Loan | D |
| Peter Piper Texas, LLC | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Credit Suisse AG, Caymans Islands Branch, Revolver | D |
| Peter Piper Texas, LLC | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Wilmington Trust, National Association, as trustee for 8.000% senior Unsecured Notes due 2022 | E/F |
| Peter Piper, Inc. | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Credit Suisse AG, Caymans Islands Branch, First Lien Term Loan | D |
| Peter Piper, Inc. | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Credit Suisse AG, Caymans Islands Branch, Revolver | D |
| Peter Piper, Inc. | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Wilmington Trust, National Association, as trustee for 8.000% senior Unsecured Notes due 2022 | E/F |
| Queso Holdings Inc. | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Credit Suisse AG, Caymans Islands Branch, First Lien Term Loan | D |
| Queso Holdings Inc. | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Credit Suisse AG, Caymans Islands Branch, Revolver | D |
| SB Hospitality Corporation | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Credit Suisse AG, Caymans Islands Branch, First Lien Term Loan | D |
| SB Hospitality Corporation | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Credit Suisse AG, Caymans Islands Branch, Revolver | D |
| SB Hospitality Corporation | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Wilmington Trust, National Association, as trustee for 8.000% senior Unsecured Notes due 2022 | E/F |
| Texas PP Beverage, Inc. | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Credit Suisse AG, Caymans Islands Branch, First Lien Term Loan | D |
| Texas PP Beverage, Inc. | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Credit Suisse AG, Caymans Islands Branch, Revolver | D |
| Texas PP Beverage, Inc. | 1707 Market Place Blvd, #200 | Irving | TX | 75063 | Wilmington Trust, National Association, as trustee for 8.000% senior Unsecured Notes due 2022 | E/F |

**Fill in this information to identify the case:**

Debtor name   **SPT Distribution Company, Inc.**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF TEXAS

Case number (if known)   **20-33177**

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■ *Schedule H: Codebtors* (Official Form 206H)
- ■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **August  8, 2020**          X **/s/ James A. Howell**
                                                     Signature of individual signing on behalf of debtor

                                                     **James A. Howell**
                                                     Printed name

                                                     **Chief Financial Officer**
                                                     Position or relationship to debtor