1          IN THE UNITED STATES BANKRUPTCY COURT

2          FOR THE SOUTHERN DISTRICT OF TEXAS

3                  HOUSTON DIVISION

4  IN RE:                        §      CASE NO. 20-33163-H1-11
                                 §      JOINTLY ADMINISTERED
5                                §      HOUSTON, TEXAS
   CEC ENTERTAINMENT, INC.,      §      MONDAY,
6  ET AL,                        §      AUGUST 31, 2020
              DEBTORS.           §      1:30 P.M. TO 2:43 P.M.

7

8              TELEPHONIC STATUS CONFERENCE

9          BEFORE THE HONORABLE MARVIN ISGUR
              UNITED STATES BANKRUPTCY JUDGE

10

11

12     APPEARANCES:                  SEE NEXT PAGE

13     RECORDED VIA COURTSPEAK

14

15

16

17

18

19

20              TRANSCRIPTION SERVICE BY:

21          JUDICIAL TRANSCRIBERS OF TEXAS, LLC
                 935 Eldridge Road, #144
22               Sugar Land, TX  77478
                    281-277-5325
23             www.judicialtranscribers.com

24

25     Proceedings recorded by electronic sound recording;
          transcript produced by transcription service.

```
 1                    TELEPHONIC APPEARANCES:

 2

 3  FOR THE DEBTORS:               WEIL GOTSHAL & MANGES, LLP
                                   Alfredo R. Perez, Esq.
 4                                 700 Louisiana, Ste. 1700
                                   Houston, TX  77002
 5                                 713-546-5040

 6

    FOR SHORE PLAZA, LLC:          SEYFARTH SHAW, LLP
 7                                 Edward M. Fox, Esq.
                                   620 Eighth Avenue, 32nd Floor
 8                                 New York, NY  10018-1405
                                   212-218-5500

 9

10  PROPOSED COUNSEL TO THE UNSECURED
    CREDITORS COMMITTEE:           KELLEY DRYE & WARREN, LLP
11                                 James Carr, Esq.
                                   101 Park Avenue
12                                 New York, NY  10178
                                   212-808-7612

13

14  FOR VR PARTNERS I, LP:         ALLEN MATKINS LECK GAMBLE
                                   MALLORY & NATSIS, LLP
15                                 Ivan M. Gold, Esq.
                                   3 Embarcadero Center, 12th Fl.
16                                 San Francisco, CA  94111-4074
                                   415-837-1515

17

18  FOR SOLOMAN FAMILY TRUST, and
    NATIONAL RETAIL PROPERTIES, LP,
19  LYNWOOD PUBLIC FACILITIES:     REED SMITH, LLP
                                   Michael P. Cooley, Esq.
20                                 2501 Hardwood, Ste. 1700
                                   Dallas, TX  75201
21                                 469-680-4213

22

    FOR MGP IX PROPERTIES, LLC
23  and MGP XI CASCADE, LLC:       GREENBERG TRAURIG, LLP
                                   David M. Guess, Esq.
24                                 18563 Jamboree Road, Ste. 500
                                   Irvine, CA  92612
25                                 949-732-6500
```

1                    <u>TELEPHONIC APPEARANCES (CONT'D)</u>:

2

3   FOR HOVDE FAMILY
    INVESTMENTS, LLC:              HOFFMAN & SAWERIS, PC
                                   Matthew Hoffman, Esq.
4                                  Alan B. Saweris, Esq.
                                   2777 Allen Parkway, Ste. 1000
5                                  Houston, TX  77019
                                   713-654-9990
6

7   FOR SAN BRUNO TOWNE CENTER
    PARTNERSHIP:                   STEYER LOWENTHAL BOODROOKAS
8                                  ALVAREZ & SMITH, LLP
                                   235 Pine Street, 15th Floor
9                                  San Francisco, CA  94104
                                   415-421-3400
10

11  FOR BRE SKYVIEW RETAIL
    OWNER, LLC:                    CONNOLLY GALLAGHER, LLP
12                                 Kelly M. Conlan, Esq.
                                   1201 N. Market Street
13                                 20th Floor
                                   Wilmington, DE  19801
14                                 302-757-7300

15  FOR OPPIDAN INVESTMENT
    COMPANY:                       MORRISON SUND, PLLC
16                                 Cynthia L. Hegarty, Esq.
                                   5125 County Road 101
17                                 Suite 200
                                   Minnetonka, MN  55345
18                                 952-277-0132

19  FOR SHERINGTON HEMET II,
    LLC:                           SHERINGTON HEMET
20                                 Azam Sher, Manager

21  FOR CBL & ASSOCIATES
    MANAGEMENT, INC.:              HUSCH BLACKWELL, LLP
22                                 Buffy E. Klein, Esq.
                                   1900 N. Pearl Street
23                                 Suite 1800
                                   Dallas, TX  75201
24                                 214-999-6100

25

```
 1                TELEPHONIC APPEARANCES (CONT'D):

 2
     FOR BRANDON ASSOCIATES
 3   SOUTHGATE, LLC:                  CLARK HILL, PLC
                                      David M. Blau, Esq.
 4                                    151 S. Old Woodward Ave.
                                      Suite 200
 5                                    Birmingham, MI  48009
                                      248-988-1817
 6
     FOR DIACIABERT COMMERCIAL
 7   DEVELOPMENT, NV:                 EDWARD G. SCHLOSS LAW
                                      CORPORATION
 8                                    Edward G. Schloss, Esq.
                                      3637 Motor Avenue
 9                                    Suite 220
                                      Los Angeles, CA  90034
10                                    310-733-4488

11
     FOR MIR HANSON ASSOCIATES,
12   LLC:                            DAVID & GILBERT, LLP
                                      Massimo Giugliano, Esq.
13                                    1740 Broadway
                                      New York, NY  10019
14                                    212-468-4800

15
     FOR JPMCC 2006-LDP7 CENTRO
16   ENFIELD, LLC:                   MCDERMOTT WILL & EMERY, LLP
                                      Shelby Perry, Esq.
17                                    2501 North Harwood Street
                                      Suite 1900
18                                    Dallas, TX  75201-1664
                                      214-295-8000
19

20   FOR MARIA AND TONY CANCIAMILLA,
     PORTAL PLAZA, LP, YAMAOKA
21   ASSOCIATES, INC. AND ATHENA
     PROPERTY MANAGEMENT:            GRAY REED & MCGRAW, LLP
22                                    Lydia R. Webb, Esq.
                                      1300 Post Oak Blvd.
23                                    Suite 2000
                                      Houston, TX  77056
24                                    713-986-7000

25
```

1                    TELEPHONIC APPEARANCES (CONT'D):

2
                                    BINDER & MALTER, LLP
3                                   Julie H. Rome-Banks, Esq.
                                    2775 Park Avenue
4                                   Santa Clara, CA  95050
                                    408-295-1700
5

6   FOR LAKEWOOD ASSOCIATES, LLC,
    and SOUTH BAY SPE, LLC:
7                                   FRIEDMAN LAW GROUP, PC
                                    R. Bennett Friedman, Esq.
8                                   1901 Avenue of the Stars
                                    Suite 1000
9                                   Los Angeles, CA  90067
                                    310-552-8210
10

11  FOR GRANADA HILLS PARTNERS,
    LLC:                            GOODKIN LAW GROUP, APC
12                                  Michael Shakouri, Esq.
                                    1800 Century Park East
13                                  10th Floor
                                    Los Angeles, CA  90067
14                                  310-552-3322

15  FOR 5414-5503 WEST SAGINAW
    HIGHWAY HOLDINGS, LLC and
16  WASHINGTON PRIME GROUP, INC.: FROST BROWN TODD, LLC
                                    Kendal Hardison, Esq.
17                                  3300 Great American Tower
                                    301 East Fourth Street
18                                  Cincinnati, OH  45202
                                    513-651-6800
19

20  FOR ALPHA TRUST REAL
    ESTATE, LLC:                    BAYARD, PA
21                                  Erin R. Fay, Esq.
                                    600 N. King Street
22                                  Suite 400
                                    Wilmington, DE  19801
23                                  302-655-5000

24

25

```
 1                    TELEPHONIC APPEARANCES (CONT'D):

 2
       FOR CPI PROPERTIES, LP:        PORTER HEDGES, LLP
 3                                    Eric M. English, Esq.
                                      1000 Main Street
 4                                    36th Floor
                                      Houston, TX  77002
 5                                    713-226-6000

 6     FOR KIMCO REALTY CORPORATION
       and SITE CENTERS CORP:         SINGER & LEVICK, PC
 7                                    Michelle E. Shriro, Esq.
                                      16200 Addison Road
 8                                    Suite 140
                                      Addison, TX  75001
 9                                    972-380-5533

10     FOR BOONE STOCKTON, LLC:       UMARI ZUGARO, PLLC
                                      Nicholas Zugaro, Esq.
11                                    1403 Eberhard
                                      Houston, TX  77019
12                                    713-392-1974

13     FOR JPMCC 2006 AND PWR16:      PERKINS COIE, LLP
                                      John D. Penn, Esq.
14                                    500 N. Akard Street
                                      Suite 3300
15                                    Dallas, TX  75201
                                      214-965-7700
16
       FOR VENTURA RIVIERA RECHE
17     RETAIL XI, LLC:                DENTONS US, LLP
                                      Jess R. Bressi, Esq.
18                                    4675 MacArthur Court
                                      Suite 1250
19                                    Newport Beach, CA  92660
                                      949-241-8967
20

21     FOR SANTA MARIA 101 NINE,
       LLC:                           GRANT GENOVESE & BARATTA, LLP
22                                    Gordon G. May, Esq.
                                      2030 Main Street, Ste. 1600
23                                    Irvine, CA  92614
                                      949-660-1600
24

25
```

1                    <u>TELEPHONIC APPEARANCES (CONT'D)</u>:

2
      FOR GRATIOT CENTER ASSOCIATES
3     LIMITED PARTNERSHIP:              GRAY REED & MCGRAW, LLP
                                        Lydia R. Webb, Esq.
4                                       1300 Post Oak Blvd., Ste. 2000
                                        Houston, TX  77056
5                                       713-986-7000

6     FOR PP-COX ROAD, LLC:            GORDON REES SCULLY MANSUKHANI,
                                        LLP
7                                       Megan M. Adeyemo, Esq.
                                        2200 Ross Avenue, Ste. 3700
8                                       Dallas, TX  75201
                                        214-231-4660
9

10

11    (Please also see Electronic Appearances.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          HOUSTON, TEXAS; MONDAY, AUGUST 31, 2020; 1:30 P.M.

2          THE COURT:  All right.  We're here in the CEC

3  Entertainment case.  It is 20-33163.  We're going to start

4  with a status report by Debtors' counsel, and then we're

5  going to move ahead from there.

6          If I can get Debtors' counsel to please press five

7  star on your phone?

8          All right.  Mr. Perez, and also somebody from the

9  310 area code representing the Debtor.

10          Who do we have?

11          MR. PEREZ:  Your Honor, Alfredo Perez on behalf of

12  the Debtors, Your Honor.

13          THE COURT:  All right.  Thank you.

14          And from 310-733-4488?

15          MR. FOX:  Good morning, Your Honor.  Edward Fox

16  for landlord/creditor of -- our objection was Docket

17  No. 656.

18          THE COURT:  All right.  We're going to start with

19  the report from Debtors' counsel.  If I can get you to just

20  mute your line and then we'll go through the others.

21          Mr. Perez, tell me what we have.

22          MR. PEREZ:  Your Honor, since the last status

23  conference last week, we have been working extensively both

24  with the various landlords, as well as with the Unsecured

25  Creditors Committee.  We now -- at the time of the last

1  hearing, we had settlements with approximately 40 of the

2  141.  I think we now have an additional ten.  So we're down

3  to 90 that we have settlement with and there are others that

4  are in various stages of getting it done.

5       In addition to that, Your Honor, at the behest of

6  the Court going back a ways, we have prepared and negotiated

7  and agreed with the Unsecured Creditors Committee for what

8  we refer to as an "interim payment arrangement."  And Your

9  Honor, that was filed today at Docket No. 768.

10       What the interim arrangement agreement does, Your

11  Honor, it provides what I will refer to as a "60-day

12  standstill," so we would pay various amounts, 20 percent of

13  the rent for closed restaurants, 30 percent for the

14  restaurants that only have take-out, and 40 percent which

15  have limited occupancy in the restaurants.

16       We would -- first of all, we would catch up the

17  various landlords by September 16th and then -- which would

18  include the rent through September 1st.  And then obviously

19  there's an additional payment that would be due during the

20  standstill period for October.

21       In addition, Your Honor, to the extent that there

22  is a further disagreement and we don't ever reach agreement

23  with the landlord, we would agree not to seek -- to claw

24  back any of the amounts that have been paid.

25       So hopefully the additional 60-day period -- the

1    remaining landlords would be receiving rent and we would be

2    able to continue the discussions.  Your Honor, the way that

3    we have drafted it -- since most of these landlords have

4    been subject to discussions, the way that we have drafted it

5    that we would send out the notice of this tomorrow, if the

6    Court -- you know, if the Court allows us to go forward.

7    That we would then have -- and if anybody wanted to opt out,

8    they could opt out by the 8th.  So a week from tomorrow,

9    they would be able to opt out, and then if they don't opt

10   out, we would make the payment by the 16th.

11           Your Honor, we hope that in working with the

12   Committee we've created a construct that does two things:

13   One, it allows these landlords to get some rent during this

14   period that they know won't be subject to a claw back; and

15   two, it gets us, you know, basically a 60-day standstill

16   period to negotiate what our, you know, real meaningful

17   savings for the Debtors on a go-forward basis.

18           So number one, we want to thank the Unsecured

19   Creditors Committee's counsel.  I think they've done a good

20   job of reaching out to the constituency and presenting and

21   being able to negotiation something that found workable for

22   our client.

23           THE COURT:  All right.  I'm perfectly happy if

24   people consider what you're offering.  I also promised

25   today, though, that people could get their hearings when

1    they're ready for them.

2            MR. PEREZ:  Yes.

3            THE COURT:  So unless somebody else wants to make

4    an opening statement, I'm just going to go through everyone

5    that filed an objection and ask if you're ready for having

6    an evidentiary hearing on your objection.

7            At the evidentiary hearing you're going to have

8    the option either to present evidence or not present

9    evidence, if evidence isn't appropriate, and just present

10   legal arguments.  But it'll be a hearing on the particular

11   objection.  I'm not going to -- I think given the nature of

12   the objections, I can't rule on them as a group, so

13   everybody is going to get their own hearing.  You'll need to

14   file your Witness and Exhibit Lists and we'll get you quick

15   hearings as promised.

16           If you want to wait and not get your hearing

17   today, that's fine.  If you want to consider what the offer

18   is from the Debtor, I don't intend to force people's hand.

19   So I'm just going to live up to what I said and give people

20   their hearings.

21           I do have somebody that wants to make some opening

22   statement.  Mr. Carr, let me activate your line.  Go ahead,

23   please.

24           MR. CARR:  Yes, Your Honor.  Good afternoon.

25   James Carr of Kelley Drye & Warren on behalf of the proposed

1   counsel to the Official Committee of Unsecured Creditors.

2            Your Honor, since the last hearing, the Committee

3   has been engaged with negotiations with the Debtors at

4   HillCo (phonetic) to finalize the interim payment

5   arrangements that was filed with the Court today as I

6   indicated at the last hearing, Your Honor, and I'd like to

7   walk through that to a certain extent.  But as indicated at

8   the last hearing, Your Honor, the goal formulating this

9   arrangement was three-fold.

10           One, we wanted to invite the Debtors and HillCo

11  with an opportunity to continue negotiating with some

12  landlords to try to get some rent relief be sent that the

13  landlords wanted to provide such relief to the Debtors.

14           Two, we also wanted to provide the landlords with

15  a percentage of rent while negotiations were ongoing and

16  being conducted as (glitch in the audio) in any rent at all.

17           And then three, Your Honor, we wanted to save the

18  estate's resources.  We believe that litigating the

19  abatement, the Rent Abatement Motion, would be costly for

20  the estate and it would be an unnecessary waste of

21  resources.  So we believe we've reached agreement with the

22  Debtors and one was filed, Your Honor, earlier today with

23  the terms of that payment arrangement.  It looks very

24  similar to the arrangement that the Committee filed last

25  week on Friday -- or Friday before in connection with the

1  Committee statement.

2          And it's important from the perspective of a

3  couple of important points.  One, we wanted to give

4  landlords -- every landlord affected by the motion to be in

5  this arrangement if they wanted to.  If they want to opt

6  out, they certainly have the right to opt out, but we did

7  want to the landlords at least an opportunity to get paid

8  rent if it so selected.

9          In addition, as Mr. Perez indicated, that there's

10  a standstill in place until the end of October to allow

11  negotiations to continue.  The Debtors would not prosecution

12  their Rent Abatement Motion with respect to participating

13  landlords, and the participating landlords would not agree

14  to seek 100 percent of its rent during that same period.

15  And the percentages, Your Honor, are based on the status on

16  a restaurant closed, take-out or limited dining, and it's

17  also in the Term Sheet, Your Honor, that if the status of a

18  restaurant changes during this period, then the restaurant

19  would move to a different category and then receive the

20  payments that are contemplated by that particular category.

21          Those are the primary terms of the payment

22  arrangement, Your Honor, and we wanted to -- in addition to

23  discussing these issues with the Debtors, we have also --

24  the Committee has also reached out to 96 of the remaining

25  landlords that are affected by this motion.  We received

1   contact information from the Debtors.  And we have confirmed

2   contact with 55 of the 96.  And by and large there's been

3   overwhelming support for this proposal.  There are a number

4   of landlords that Your Honor I'm sure will hear soon that

5   have unique situations that they want to pursue.  Their

6   rights would no longer be part of the payment arrangements,

7   but we're hopeful that a substantial majority of the

8   landlords would remain and not opt out.

9        And as Your Honor may recall, the initial motion

10  carved out, I believe, 141 locations, and as of this

11  morning, unless Mr. Perez has a different number, I believe

12  the remaining landlords that are affected by the Rent

13  Abatement Motion are probably 88, 87 leases.  So that shows

14  the progress that has been made by negotiating with various

15  landlords and we're hopeful that by the end of the

16  substantial period, Your Honor, there will be -- at least

17  with those participating landlords, nothing for Your Honor

18  to decide.

19       And unless Your Honor has any questions, that's my

20  opening remarks with respect to this arrangement.

21       THE COURT:  Let me just ask one ambiguity issue

22  for you in terms of the make-up print, let's say for August.

23  Is the make-up print at the percentage amount or is the

24  make-up print at the full rent amount?

25       MR. CARR:  It's at the percentage rent that's

1  indicated in the Term Sheet.

2         THE COURT:  All right.  Again, I'm going to keep

3  my word to people that they can have their hearings.  I'm

4  also going to allow people to take time to negotiate with

5  the Debtors, if they prefer to do that, and the Committee.

6         And if somebody wants to take time to negotiate,

7  you can always come back later and try to get a hearing.

8  But I promised people today I would give them hearing dates

9  and I'm going to keep my word on that.

10        So I think one other person wants to make an

11 opening statement. Mr. Gold, let me get your line activated.

12        Mr. Gold, go ahead.

13        MR. IVAN GOLD:   Thank you, Your Honor.  Ivan Gold

14 of Allen Matkins for purposes of the motion to abate this

15 morning's status conference.  I'm appearing on behalf of

16 VR Partners I, LP.  That's a landlord in Colorado Springs.

17 I have other clients who were unaffected by the motion.

18        I will wait for Your Honor to go through the list

19 when you get to Docket 703, which is my objection, for

20 issues unique to my client.  I wanted to take the

21 opportunity before we got too deep to raise a question

22 regarding an impairment ambiguity and perhaps now is the

23 time to address it.

24        Your Honor had asked the very good question about

25 August.  I have a slightly different question that is

1  probably directed to both the counsel for the Unsecured

2  Creditors Committee and the Debtors, and I'd like to thank

3  them for all their work to-date.  But the Term Sheet that

4  was just filed this morning appears to turn in terms of what

5  percentage a landlord might receive on the so-called

6  operational status of the premises, and I will represent to

7  Your Honor -- again, not evidence or anything, but there are

8  several states, including Colorado, where the Debtor is

9  under operating compared to what the governmental provision

10 is.

11        And that creates an ambiguity in that this

12 arrangement based on the Debtors' judgment and how it

13 operates, or is based on what the Debtor could do, but

14 perhaps for other reasons chooses not to.  This is an issue

15 that was addressed in the *24-Hour Fitness* bankruptcy, which

16 also involved Weil Gotshal firm representing the Debtors.

17 Very similar type structure.  This one is a little more

18 complicated because it has multiple tiers because there are

19 various grades of which a restaurant could operate, compared

20 to a health club, that per the environment is either on or

21 off, but very, very similar.

22        And that ambiguity was addressed in *24-Hour

23 Fitness* going forward to move away from possible problems

24 and arguments that could occur when the payment shows up and

25 the Debtor has different interpretation of the Order than

1  might the landlord who opted in or opted out.

2          So I just wanted to raise that issue sooner rather

3  than later.

4          THE COURT:  It's a fair question.

5          MR. IVAN GOLD:  I have --

6          THE COURT:  It's a fair question.  I thought they

7  answered it, but let's see if their answer is the same as I

8  thought it was.

9          So Mr. Perez, is it based on the maximum use of

10 the facility allowed under applicable law, applicable to

11 that particular location, whether it's municipal, county,

12 state, whatever the restriction is, or is it based on the

13 Debtors' use of the facility?

14     (No audible response.)

15         THE COURT:  Your line is muted on your own, I

16 think, Mr. Perez.

17         MR. PEREZ:  Yes, Your Honor.  I'm sorry.

18         It's based, Your Honor, with respect to the rent

19 that we're going to be paying on September 16th, it's based

20 on the status that -- the operational status that was

21 actually in fact the case during that time period.

22         THE COURT:  And not based on the maximum legal

23 utilization?

24         MR. PEREZ:  Correct, Your Honor.

25         THE COURT:  All right.  You may not like the

1  answer, but does that answer your question, Mr. Gold, one

2  way or the other?

3       MR. IVAN GOLD:   I believe you summarized

4  correctly, Your Honor.  The answer is what it is, but the

5  question has been answered.  Thank you.

6       THE COURT:  Thank you, Mr. Gold.

7       Does anyone else have any questions about what the

8  Debtors' proposal is that you want to ask?  Otherwise, I'm

9  just going to start at the first objection I got, which was

10  at ECF 597 and we're going to move down from there and see

11  if you want a hearing.

12       Mr. Cooley has a statement he wants to make.

13       MR. COOLEY:  Your Honor, I just had -- Thank you,

14  Your Honor.

15       And just for the Record, in addition to being

16  local counsel with Mr. Gold, I have three clients affected

17  by this.  One is National Retail Properties, which has eight

18  affected properties under the Rent Abatement Motion and then

19  two Washington State-based landlords that each has a single

20  property.

21       And my question was, as I look at the document

22  that was filed this morning and hear the Court's plans to go

23  through these and schedule hearings, I think I am

24  understanding this document to have been framed in the form

25  of an opt-out such that there is a presumption that

1  landlords will be bound to this, unless they kindly speak

2  up.  And again, I suppose as with Mr. Gold, I'm looking to

3  raise that question and clarify if that is, in fact, the

4  case, as opposed to really intending for an opt-in, such

5  that this voluntary arrangement will only be binding on

6  those landlords who affirmatively state their intention to

7  be bound by it.

8         THE COURT:  So anyone that wants a hearing today

9  is opting out.  If you don't ask for a hearing today and you

10  don't participate at all -- because we have a lot of

11  landlords that aren't here.  Then they could opt in, but

12  they have the right to opt out.

13        But if you want a hearing for your client, I'm not

14  going to make you jump through additional steps to opt out.

15  You've gone through the steps.  Today is the day you get

16  your hearing.  And you're opting out by asking for the

17  hearing.

18        I'm not going to hold a hearing for people who

19  want to opt in.  I mean, that's a waste of everybody's time.

20  So people can opt out.

21        MR. COOLEY:  Well, of course, Your Honor, and I

22  think what I just wanted to confirm was that the proposal

23  that has been put forward by the Debtors is such that

24  landlords will be bound to it, unless they affirmatively

25  speak up either today or before September 8th --

1          THE COURT:  Right.

2          MR. COOLEY:  -- is what I understand from the

3   document.

4          THE COURT:  All right.

5          MR. COOLEY:  Thank you, Your Honor.

6          THE COURT:  Thank you.

7          Okay.  So the -- and I'm going to ask when I call

8   your objection, if you'll press five star so we can keep

9   this organized.

10          The first is an objection filed at ECF 597 by

11   MGP IX Properties, LLC and MGP XI Cascade, LLC.

12          All right, yes.  Who do we have on behalf of the

13   MGP entities?

14          MR. GUESS:  Yes, Your Honor.  It's David Guess

15   with Greenberg Traurig.  Can you hear me?

16          THE COURT:  I can.

17          MR. GUESS:  So MGP is inclined to go forward with

18   the sale proposal and thinks that the Committee negotiated a

19   good result here.  And so we're not asking for a hearing

20   today.  We will take the opportunity to attempt to negotiate

21   these amendment -- through these amendments with the Debtor

22   and if that's unsuccessful, at that point I would reserve

23   the right to be heard.

24          THE COURT:  You're going to have the right to come

25   back and request a hearing.  I just, as I said, I feel an

1   obligation to keep my word and the fact that they do

2   something new I like and I'm happy with, but it isn't going

3   to stop me from keeping my word.

4            So you're going to pass on the hearing and have

5   the right to opt out later.

6            Next case or next one we have is at ECF 601. It's

7   the Hovde Family Investments' objection.  If you would press

8   five star, please?

9            MR. HOFFMAN:  Matt Hoffman.

10           THE COURT:  Mr. Hoffman?  Go ahead.

11           MR. HOFFMAN:  I represent the Hovde Family

12   Investments, LLC, a landlord in Spokane, Washington.

13           My client wants to opt out of the proposed 60-day

14   standstill agreement and proceed with our objection to the

15   abatement motion, and we would request a hearing.

16           THE COURT:  All right.

17           MR. HOFFMAN:  I'll probably be followed by a

18   statement the hearing.

19           THE COURT:  All right.  Would you like a hearing

20   on September the 8th?

21           MR. HOFFMAN:  Mr. Saweris is also on the line here

22   with us and that works for my calendar, and Alan, does that

23   work for us?

24           MR. SAWERIS:  (No audible response.)

25           MR. HOFFMAN:  If Mr. Saweris is on the line?  I

1  think he is.  But I believe it'll work, Your Honor.

2       THE COURT:  All right.  I don't have anybody else

3  that's asking to speak, so your hearing will be on September

4  the 8th.  It's going to be at 3:00 o'clock.

5       You mentioned a lift stay hearing.  I don't think

6  I have a lift stay motion filed.  It does raise an

7  interesting question.  Let's assume that the Debtors don't

8  prevail for the reasons that the family has put down there.

9  I don't believe that -- and I would love to be educated on

10  this so that I can think about it before the hearings.

11       I don't think the statute says what the remedy is.

12  So the Debtors don't pay, the statute says they've got to,

13  but it doesn't say what I'm supposed to do if they don't.

14  And I think you're right that there would then be a 362

15  motion and at that point we would have to either lift the

16  stay or condition it or modify it.  I'd then have a full

17  range of options.

18       Is that the way that you think it's going to come

19  down, Mr. Hoffman?

20       MR. HOFFMAN:  Well, I think that the 60 days has

21  already run.  And I believe that the time within which under

22  365(d)(3) that the Debtor can assume or reject has also

23  already run, but.

24       THE COURT:  No.  I don't think that has run, has

25  it?  The assumption or rejection deadline runs, what,

1  120 days after the petition date or confirmation?

2          Their performance date has run and so if they

3  lose, they're now in breach of their obligations under 365,

4  but I don't see within 365 that it tells me what the remedy

5  is, and if somebody thinks that it does, I need to be

6  educated about that, and I think, though, that you're

7  correct.  Somebody breaches a 365 obligation, you then, you

8  know, seek relief from the stay for cause and we have a

9  hearing as to what the right remedy is.

10         Am I missing something, Mr. Hoffman?

11         MR. HOFFMAN:  That's all I -- no, that's what I

12  was suggesting was that we would probably have to have a

13  stay lift hearing after the successful of -- if we were

14  successful in defeating the motion.

15         THE COURT:  Well, you're calling it a stay lift

16  hearing.  And I think that that may be limiting from what

17  the statute says.  I don't know that I have to lift the

18  stay.

19         MR. HOFFMAN:  Modify the stay, I guess.

20         THE COURT:  Condition the stay.  I mean, there's

21  all sort of -- you know, 362 is pretty broad.  So the

22  remedies hearing is probably more important -- I actually

23  don't know why the Debtor is spending all the money to do

24  this 'cause the remedies hearing is the important hearing.

25  But you know, they get to pursue it how they want to pursue

1  it, and you get to pursue it how you want to pursue it.

2          But you know, they can try and get this abatement,

3  at which point it would probably eliminate some of your

4  cause under 362.  But you know, I'm going to kind of assume

5  they're going to lose that and kind of assume you're going

6  to have some cause.  I'm not sure you're going to have cause

7  to just lift the stay and evict them.  Maybe.  But that'll

8  be an evidentiary hearing.

9          But the only hearing we're having now is on the

10 Debtors' motion.  You're at 3:00 o'clock and it's on

11 September the 8th.

12          So let me go to the next motion.

13          Thank you, Mr. Hoffman.

14          MR. HOFFMAN:  Thank you.

15          THE COURT:  So after Hovde, the next one that I

16 have is an objection filed at ECF 617 filed by San Bruno

17 Towne Center.

18          MS. ANDREOLI:  Can you hear me?

19          THE COURT:  Yes.  Who do we have on behalf of San

20 Bruno Towne Center.

21          MS. ANDREOLI:  Good afternoon, Your Honor.  Dana

22 Andreoli for creditor San Bruno Towne Center Partnership.

23          THE COURT:  Ms. Andreoli, good afternoon.

24          MS. ANDREOLI:  Your Honor, thanks.

25          San Bruno Towne Center Partnership is going to

1  defer to objections in the motion to abate, consider the

2  interim payment proposition, with a reservation of its

3  rights to pursue an objection in the event they can't reach

4  an agreement with the Debtor.

5           THE COURT:  All right.  That's fine.  If you fail

6  to reach an agreement and you want a hearing, I'll get you

7  one promptly.

8           Thank you for the announcement.

9           MS. ANDREOLI:  Thank you.

10          THE COURT:  All right.  The next one we have is at

11 622.  It's another MGP objection and I'm going to assume

12 it's the same answer, but I'll let Mr. Guess that all the

13 MGP entities are doing the same thing.

14          Mr. Guess, I still have your line activated.  Why

15 don't you go ahead?

16          MR. GUESS:  Your Honor, we filed an objection.  It

17 could be that the joinder of our objection?

18          THE COURT:  Yes.  This is 622.  It's -- I'm sorry,

19 you're right.  It is a joinder of BRE Skyview to your

20 objection.  I apologize to you.

21          So this is -- I'm actually looking for --

22          MR. GUESS:  There were an example of those.

23 Thanks.

24          THE COURT:  Yeah, thank you.

25          So it's actually Ms. Bifferato.

1          MS. CONLAN:  We represent -- sorry.

2          THE COURT:  Ms. Bifferato, good afternoon.

3          MS. CONLAN:  Good afternoon, Your Honor.  This is

4    Kelly Conlan.  I'm standing in for Ms. Bifferato today.

5          We represent BRE Skyview Retail Owner, LLC of a

6    location in Flushing, New York.  We're going to confer with

7    our client regarding the proposal.  I think in the first

8    instance today we're not going to request a hearing, but we

9    reserve our rights to do so later if we can't work things

10   out.

11         THE COURT:  Okay.  Feel free to come back if you

12   need to and we'll get you a prompt hearing.

13         Thank you.

14         MS. CONLAN:  Thank you very much.

15         THE COURT:  Next we have -- can I ask you a

16   question, though, before we go?

17         MS. CONLAN:  Yes, Your Honor.

18         THE COURT:  Is Connor Bifferato still at that

19   firm?

20         MS. CONLAN:  He is not, but that is Karen

21   Bifferato's husband.

22         THE COURT:  Got it.  Okay.  He was --

23         MS. CONLAN:  Got it?

24         THE COURT:  I worked pretty closely with him for a

25   couple of years and just wondered how he was doing.

1          Thank you.

2          MS. CONLAN:  He's doing well.

3          THE COURT:  Well, good.  Tell him hello for me, if

4   you speak to him.  Thank you.

5          MS. CONLAN:  I definitely will.  Thank you, Your

6   Honor.

7          THE COURT:  The next case that I have is at 626,

8   or the next objection.  This is filed by Oppidan Investment

9   Company.

10         Ms. Hegarty, if you would press five star, please?

11         MS. HEGARTY:  (No audible response.)

12         THE COURT:  Ms. Hegarty, good afternoon.

13         MS. HEGARTY:  (No audible response.)

14         THE COURT:  Ms. Hegarty, you may have your own

15  line muted 'cause we're not hearing you, but I've got your

16  line unmuted from here.

17         MS. HEGARTY:  I apologize, Your Honor.  Cynthia

18  Hegarty on behalf of Oppidan Investment Company.

19         My client wishes to defer.  At this point we will

20  see what we can deal with negotiations with the Debtor and

21  reserve our right to come back and seek a hearing at a later

22  date.

23         THE COURT:  That's fine.  Just if you'll file the

24  appropriate papers, we'll get you in for a quick hearing if

25  you're not able to work something out.

1              MS. HEGARTY:  Thank you.

2              THE COURT:  The next objection we have is at 629.

3  It is an objection that was filed by Sherington Hemet.

4              Ms. McIntyre?

5        (No audible response.)

6              THE COURT:  Ms. McIntyre, if I can get you to

7  press five star on your phone, please?

8        (No audible response.)

9              THE COURT:  Ms. McIntyre, good afternoon.

10             MR. SHER:  Good afternoon, Your Honor.  This is

11 Azam Sher of Sherington Hemet.  I don't believe our

12 objection stands at this time, so we would like to withdraw

13 it.

14             THE COURT:  All right.  We'll show that the

15 objection filed at 629 is withdrawn.

16             Could you repeat your name for me?  I just missed

17 it, sir.

18             MR. SHER:  Azam Sher.

19             THE COURT:  F-A-I-R?

20             MR. SHER:  S-H-E-R.

21             THE COURT:  Ah.  Okay.  Thank you, Mr. Sher.

22             We'll show it as withdrawn.

23             MR. SHER:  Okay.

24             THE COURT:  The next objection we have is at 643.

25 It is an objection filed by Shore Plaza, LLC by Ms. Mata, or

1    Mr. Fox, I think is on the line.

2            MR. FOX:  Your Honor?

3            THE COURT:  Mr. Fox, go ahead, please, sir.

4            MR. FOX:  Thank you, Your Honor.  Edward Fox from

5    Seyfarth Shaw on behalf of Shore Plaza, LLC.

6            Your Honor, we're in direct negotiation with the

7    Debtor through their consultant, HillCo.  I spoke with

8    Mr. Dante (phonetic) earlier today and hopefully he can cut

9    through the bureaucracy of the Debtors and get a response.

10           So for the time being, we would defer the hearing

11   and we'll come back to you if we need to go forward with it.

12           THE COURT:  Thank you.  I appreciate the

13   announcement.  And we won't set you for a hearing today.

14   Just file the appropriate papers if you need one.

15           Thank you.

16           MR. FOX:  Thank you, Your Honor.  Thank you for

17   offering the hearings for those who want them.

18           THE COURT:  Sure.

19           The next objection we have is by CBL & Associates.

20   It's Ms. Buffy's client.

21           Ms. Buffy, good afternoon.

22           MS. KLEIN:  Good afternoon, Your Honor.  Buffy

23   Klein here on behalf of CBL & Associates.

24           Your Honor, CBL would request a hearing be set on

25   its objections.  Additionally, Your Honor, we filed a motion

1   to compel compliance with 365(b)(3) or to assume or reject

2   the lease.

3           Your Honor, we are happy to proceed if the Court

4   would like or do you want to do that with the evidentiary

5   hearing at the same time, or have the evidentiary hearing at

6   the Court's decision.  We're fine to proceed together or to

7   take a motion to abate first and then follow with the motion

8   to compel, which we have set currently on the Docket, Your

9   Honor, for the 31st of October.

10          THE COURT:  So let me just ask you, earlier, I

11  believe it was Mr. Hoffman, said that he thought that the

12  follow-up if the Debtors lost would be the motion for relief

13  from the stay.  Do you disagree with that and do you think

14  that the follow-up is a motion to compel, or do you think

15  the --

16          MS. KLEIN:  Well --

17          THE COURT:  Just to be fair, if I deny the motion,

18  I doubt that I'm going to compel them to do much, given the

19  circumstance.  I'm trying to be upfront with you.  I mean,

20  everybody in filing their objections like I think everyone

21  said, "We got it, there's a problem, but this isn't the

22  remedy that there should be."

23          I mean, I got it that there's a problem, too, and

24  I have said earlier I question whether what the Debtor wants

25  as the remedy is the remedy, but it's almost like we need to

1   get to a remedies hearing more broadly, which may be 362.

2          So I'm going to let you -- just as I'm letting

3   them have their hearing on their motion, I'm going to give

4   you your hearings on your motion, but I would prefer to have

5   only one remedies hearing.  If you think your right remedy

6   is a motion to compel and not a 362, I'll give you that

7   hearing.  But if you want to do one remedies hearing and

8   then one hearing on their motion, I'll do that, too.

9          So how do you want to litigate it, Ms. Klein?

10          MS. KLEIN:  Well, Your Honor -- and I don't

11   disagree with that analysis of the Court.  We would seek a

12   motion for compliance.  To the extent that that's not

13   granted, then I think I think the alternative relief we

14   requested in our motion would be a lift stay, you know, just

15   to have access to the (indiscernible) and then to have

16   access.

17          So I don't disagree with the remedies, you know, a

18   portion to that.  It would be ultimately to the extent that

19   there is not -- if they're not going to -- we're not going

20   to compel them to comply and to perform, then we would seek

21   return of the property.

22          And Your Honor, we're happy to proceed.  Go ahead

23   and have the hearing on this motion today.  To the extent

24   that that is successful or not can be -- you know, we would

25   move forward with a motion for ultimate remedy.  And if it,

1   I believe, a conference of early is what we would be

2   seeking.

3          THE COURT:  Why don't we do -- because I -- what I

4   don't want to do is to spend any more money on these than we

5   need to in terms of people -- I'm waiting to hear the thing

6   that says you can't seek a motion for relief along with any

7   other relief.  You know, you've got to do it as a standalone

8   motion.

9          Let me do this.  We're going to have your hearing

10  also at 3:00 o'clock on September the 8th, if you're

11  available that.  And it will be on your objection to the

12  Debtors' motion.  And then I want to set for a status

13  conference a remedies hearing for your client.  So the

14  remedies hearing will not be evidentiary.  It'll simply be a

15  scheduling conference so that if the Debtors lose their

16  hearing, you then can arrange for a remedies hearing that

17  will follow on some sort of normal notice where you can get

18  your witnesses together and stuff like that.

19         Does that treat your client fairly, Ms. Klein?

20         MS. KLEIN:  I think so, Your Honor.  I appreciate

21  that consideration and September 8th at 3:00 o'clock will

22  work.

23         THE COURT:  And then tell me something because I

24  read a lot of these and they're sort of jammed together in

25  my mind.  Is your motion to compel part of your objection,

1  or is it a separate docket entry that I need to calendar for

2  status?

3        MS. KLEIN:  It's a separate docket entry, Your

4  Honor.

5        THE COURT:  Do you know that number?

6        MS. KLEIN:  I believe it was filed on Friday.  And

7  I can -- off the top of my head, I do not, but I can get it

8  for you very quickly.

9        MR. PEREZ:  Your Honor, this is Alfredo Perez.  I

10 think you set this one for a status conference today.

11 That's the one that you issued the Order this morning on.

12        THE COURT:  Right.

13        MS. KLEIN:  Yes, Your Honor.

14        THE COURT:  So that is -- I don't want to lose

15 where I am on my computer.  If you have an ECF number, that

16 would be great.

17        MR. PEREZ:  Yes.  I'll find the ECF number, Your

18 Honor.

19        THE COURT:  It's just I'm going to lose this

20 massive list I have of all the objections if I click out of

21 it.

22        MS. KLEIN:  It's at 756, Your Honor.

23        THE COURT:  Okay.  Then we're going to set 756 for

24 a continued status conference at 3:00 o'clock on the 8th and

25 we'll set 653 also for 3:00 o'clock on the 8th, and you'll

1  just be on top of Mr. Hoffman, so you'll follow him or it

2  may be -- no, I'll wait and let you-all coordinate with the

3  Debtor.  It may be they're going to put on a single witness

4  that you can both cross-examine, but I'll let the people at

5  the hearing organize that a little better.

6          Thank you.

7          All right.  The next objection we have is filed

8  655.  It's by Brandon Associates.  It's Mr. Blau's

9  objection.

10          Mr. Blau, go ahead, please.

11          MR. BLAU:  Good morning, Your Honor.  David Blau

12  appearing on behalf of Brandon Associates Southgate.

13          This is a location in Southgate, Michigan, which

14  is similar to Mr. Gold's client, is under utilizing the

15  property in relation to what it could be under Michigan law.

16          At this point we'd like to defer the hearing and

17  reserve all of our rights.

18          THE COURT:  All right.  We'll do that.  If it

19  turns out that you need a hearing, if you'll file

20  appropriate papers, we'll get you in.

21          Thank you, Mr. Blau.

22          MR. BLAU:  Thank you, Your Honor.

23          THE COURT:  The next objection we have is at 656

24  by Diaciabert Commercial Development.  Edward Schloss is the

25  attorney on that.

1          MR. SCHLOSS:  Good afternoon, Your Honor.  Edward
2   Schloss for Diaciabert.

3          We'll defer.  We appreciate the Committee's
4   efforts and we're in negotiations with the Debtor.

5          THE COURT:  All right.  Thank you.  And again,
6   Mr. Schloss, if things don't work out, if you'll file
7   appropriate paperwork, we'll try to get you right back into
8   a hearing.

9          Thank you.

10          MR. SCHLOSS:  Thank you, Your Honor.

11          THE COURT:  The next we have is 657.  This is by
12   MR Associates.  It is Steven Loden is the attorney on that.

13      (No audible response.)

14          THE COURT:  I think your line is already
15   activated, Mr. Loden.  Why don't you go ahead?

16      (No audible response.)

17          THE COURT:  From 310-733-4488, if that's you, you
18   may have your own line muted, but I don't have you muted.

19          MR. SCHLOSS:  Your Honor, that's me.  I've already
20   appeared on 656.

21          THE COURT:  Okay.  Thank you.

22          Let me go ahead and -- do we have anyone here on
23   behalf of MIR Hanson Associates, LLC?  Mr. Loden is the one
24   who filed the objection.

25          Go ahead and speak up, if you are here -- I'm

1   sorry.  Press five star if you are here.  I apologize.

2        (No audible response.)

3              THE COURT:  All right.  From the 516 area code.  Is

4   that you, Mr. Loden?

5              MR. GIUGLIANO:  (Glitch in the audio).

6              THE COURT:  I'm sorry.  Could you repeat that for

7   me?

8              MR. GIUGLIANO:  This is Massimo Giugliano from

9   Davis & Gilbert.  We have local counsel in this matter.  We

10  thought they were on, but probably not.

11             At this time my client will defer.  We'll confer

12  and we can get back to the Debtor on whether or not what

13  option we'll have.

14             THE COURT:  All right.  Again, like the other

15  folks, if you're not able to work something out and you want

16  an evidentiary hearing, file the appropriate paperwork and

17  we'll get your client into one.

18             MR. GIUGLIANO:  Thank you, Your Honor.

19             THE COURT:  Thank you.

20             Next we have is 663.  This is JPMCC 2006 filed by

21  Mr. Gibbs.

22             All right.  Go ahead, please, Mr. Gibbs.

23             MS. PERRY:  Your Honor, this is Shelby Perry from

24  McDermott Will Emery on behalf of landlord, JPMCC 2006-LDP7

25  Centro Enfield, LLC.

1         My client rents the property in Los Angeles to the

2    Debtors.  Your Honor, we respectfully reject the Debtors'

3    proposal and would like to go forward with the hearing.

4    September 8th, at 3:00 p.m. works for us.

5         THE COURT:  Great.  Then we're going to take 663

6    and you'll be on September the 8th at 3:00 o'clock.

7         MS. PERRY:  Great.  Thank you, Your Honor.

8         THE COURT:  Thank you.

9         Next we have an objection filed by ESW Group.

10   This was filed by Mr. Hamm.

11        Mr. Hamm, if you wish to appear, let me get you to

12   press five star on your phone.

13       (No audible response.)

14        THE COURT:  Mr. Cooley, I think you're still here.

15   Go ahead.

16        MR. COOLEY:  Yes, Your Honor, I am.  And as I

17   announced earlier, I'm representing ESW Group, which is an

18   owner property that's actually in a receivership.  Elliott

19   Assets Solutions is the receiver for that particular

20   property at this time, that one, together with another one.

21        I've been listening, Your Honor, to the statements

22   that have been made by the other parties and by the Court,

23   as well, and while obviously we just received this IPA

24   that's been filed on the Docket, and obviously I'll be

25   conferring with my client about that.  In order to keep the

1    ball moving forward and hopefully to get ourselves on the

2    Debtors' call sheet between now and then, we would go ahead

3    and request a hearing, Your Honor, although I would request

4    for a hearing a little bit later than September 8th, if

5    possible, as I anticipate we'll want to take some small

6    amount of discovery relating to, in particular, the *force*

7    *majeure* and (indiscernible) allegations.

8              THE COURT:  All right.  Let me get you a date.

9              MR. COOLEY:  Thank you, Your Honor.

10             THE COURT:  9:00 a.m. on October the 8th going to

11   work for you, Mr. Cooley?

12             MR. COOLEY:  If that's the next available, then

13   yes, Your Honor.  I didn't anticipate that we would need

14   that much additional time, but if that's the next available

15   that the Court has, then we'll take it.

16             THE COURT:  I don't mean to tell you that I

17   couldn't squeeze something else in.  I was trying to respect

18   your desire to do some discovery.

19             MR. COOLEY:  No, Your Honor.  I thought it very

20   limited discovery.  I thought even just 15 or 20 days from

21   today would be more than sufficient for us to get that done.

22             THE COURT:  How about 9:00 o'clock on

23   September 28th?

24             MR. COOLEY:  Yes, Your Honor.

25             THE COURT:  Mr. Genender, is that going to work

1   for your client, or Mr. Perez?

2         MR. GENENDER:  I would ask that it not be that

3   day, if it's okay.

4         THE COURT:  Not that day?

5         MR. GENENDER:  Because of the Rosh Hashanah, Your

6   Honor, if that's okay.

7         THE COURT:  Absolutely.

8         MR. GENENDER:  Thank you so much.

9         THE COURT:  I should know when those dates are,

10  Mr. Genender, but I don't.  So tell me how to avoid Rosh

11  Hashanah?

12        MR. GENENDER:  Ten days before that.  I think

13  that's a weekend, Your Honor, so we're okay on that one.

14        THE COURT:  Are you okay on the 29th, or is it a

15  two-day holiday?  I'm sorry.

16        MR. GENENDER:  No, the 29th is fine.  Absolutely.

17        THE COURT:  And how are you, Mr. Cooley on the

18  29th?

19        MR. COOLEY:  I'm double-checking, Your Honor.

20  September the 29th at 9:00 a.m., that's fine with me, Your

21  Honor.  Thank you.

22        THE COURT:  It will not be at 9:00.  It'll be at

23  3:00.

24        MR. COOLEY:  Very well.  Thank you.

25        MR. GENENDER:  Thank you, Judge.  Thank you,

1  Mr. Cooley.

2            THE COURT:  Thank you all.

3            All right.  I think I may have done something

4  wrong, so hold on, Mr. Cooley and Mr. Genender.

5        (The Court confers with staff.)

6            THE COURT:  All right.  The next objection I have

7  is at 669.  It is the objection by Maria and Tony

8  Canciamilla of Portal Plaza LP and Yamaoka Associates.  It

9  was filed by Mr. Moak.

10            Ms. Webb, good afternoon to you.

11            MS. WEBB:  Good afternoon, Your Honor.  Lydia Webb

12  of Gray Reed on behalf of the landlord, the Santa Clara

13  County Landlords, as we refer to them, and their associates

14  at property management.

15            We would like to go forward and have a hearing set

16  on our objection, Your Honor.  We would prefer not to have

17  it on September 8th, and just wondering if the Court had any

18  availability on the 11th?

19            THE COURT:  Okay.  I had somebody else that also

20  wanted to appear on those, from the 650 area code?

21            MS. JULIE ROME-BANKS:  Good afternoon, Your Honor.

22  This is Julie Rome-Banks of Binder & Malter.  Ms. Webb is my

23  local counsel and is stating our position.

24            Thank you.

25            THE COURT:  So you're requesting a hearing on the

1   11th, you said?

2          MS. WEBB:  If that's possible, Your Honor, it's

3   just that the 8th is a bad day for us.

4          THE COURT:  Mr. Genender, can you do it on the

5   11th at 11:00?

6      (No audible response.)

7          THE COURT:  Your line is muted, Mr. Genender.

8   Can't hear you.

9          MR. GENENDER:  Sorry, Judge.  Yes.  That works for

10  me if it works with -- I'm going to check with Mr. Perez,

11  but if it works for him, it does work for me.

12         THE COURT:  Mr. Perez, you okay with that?

13         MR. PEREZ:  Yes, Your Honor.

14         THE COURT:  All right.  Let me -- so 669 is set

15  for the 11th at 11:00 in the morning.

16         Thank you.

17         The next objection we have is by National Retail

18  Properties, LP.  And again, Mr. Cooley, this is one of

19  yours.

20         MR. COOLEY:  It is, Your Honor.  Thank you.

21         National Retail Properties has -- I think had some

22  discussions with the Debtors.  They have eight properties

23  that are affected by these.  I know that they will need to

24  review the proposal that has been filed by the Debtors, but

25  I think that they had some unique considerations because

1  those properties are part of much larger master leases that

2  have non-severability clauses that have to be respected

3  through any such agreement or payment arrangement that gets

4  entered into.  I think we've forecast this issue to Debtors'

5  counsel before and we are at this point just waiting to hear

6  from them on how to move forward to see if we can manage

7  that.  That's a long way of saying that National Retail

8  Properties will for the moment defer, reserving its right to

9  request a hearing at a later date should it become necessary

10  or appropriate.

11          THE COURT:  Okay.  Mr. Cooley, thank you.  If they

12  need a hearing, I assume you can file the appropriate

13  paperwork.

14          And then we have 674, another one of your clients,

15  which is Lynwood Public Facilities District.

16          MR. COOLEY:  Yes, Your Honor, and for the same

17  reasons as the first one, I would ask for that one to be set

18  for hearing September 29th at 3:00 p.m., simply because that

19  way I can achieve at least some accommodation, although

20  there will be technically two separate hearings.

21          THE COURT:  That's fine.  I will move that to

22  September 29th at 3:00 o'clock.  Thank you.

23          MR. COOLEY:  Thank you, Your Honor.

24          THE COURT:  And then we have Lakewood Associates,

25  which is represented by Attorney Friedman.

1          This is -- excuse me -- 678 is the objection

2   number.

3          Mr. Friedman?

4          MR. FRIEDMAN:  Good afternoon, Your Honor.

5   J. Friedman, Friedman Law Group, on behalf of Lakewood

6   Associates.

7          Your Honor, I can kill two birds with one stone.

8   I'm also on 679 for South Bay SPE.

9          THE COURT:  All right.  We'll call that one

10  together with 678.

11         MR. FRIEDMAN:  Thank you, Your Honor.

12         Your Honor, I actually had very productive

13  communications with counsel for the Committee over the

14  weekend and this morning.  The good news is that the

15  Debtors' agent, HillCo, has finally reached out to my client

16  at No. 679, South Bay SPE and is in the process of working

17  out arrangements.

18         And so for both matters, 678 and 679, my clients

19  are agreeable in deferring the objections and to the extent

20  that they do not result in fruitful negotiations and a

21  workout arrangements, we'll come back to your Court by

22  reserving our rights and requesting a hearing at a later

23  date.

24         THE COURT:  Thank you for that announcement,

25  Mr. Friedman.

1          MR. FRIEDMAN:  Thank you, Your Honor.

2          THE COURT:  The next objection we have is by

3    Granada Hills.  It is attorney Shakouri.  And it's No. 682.

4          Mr. Shakouri, good afternoon.

5       (No audible response.)

6          THE COURT:  Oh, I hit something wrong.  Let me try

7    that again, Mr. Shakouri.  I apologize.

8          Let's try it now.  I may have it right.

9          MR. SHAKOURI:  Sounds good.  Good afternoon, Your

10   Honor.  Michael Shakouri on behalf of Granada Hills.

11         We were -- our client was contacted earlier this

12   morning for the first time by a representative of HillCo.

13   While we're hopeful that we can reach a resolution, we will

14   request -- respectfully request an initial hearing date on

15   September 8 at 3:00 p.m.  That works for us, Your Honor.

16         THE COURT:  Yeah, I'm not going to go -- let

17   people go both ways.  You can either have your hearing or

18   not have your hearing.  If you want your hearing, I'm going

19   to give it to you.  But then we're going to proceed on that

20   day with it, okay?

21         MR. SHAKOURI:  That's fine, Your Honor.

22   September 8th is fine.

23         THE COURT:  All right.  That hearing will be on

24   September 8th at 3:00 o'clock.  Thank you.

25         MR. SHAKOURI:  Thank you, Your Honor.

1          THE COURT:  Next one we have is an objection at

2     687.  Again, Mr. Cooley, this is your clients?

3          MR. COOLEY:  I apologize, Your Honor.  Which one

4     is 687?  I thought I had covered everyone.

5          THE COURT:  It's maybe a joinder.  Hold on.

6          MR. COOLEY:  Oh, yes.  Yes, Your Honor.

7          THE COURT:  No, you filed it.  You filed it.

8          MR. COOLEY:  Yes, you're right.  For both

9     landlords we would ask to defer for the time being and

10    reserve the right to request a hearing at a later date.

11         THE COURT:  That's fine.  That's what we'll do.

12         689 is West Saginaw Holdings, filed by Mr. Gold.

13         Mr. Gold, I think your line remains active from

14    earlier.

15         MR. IVAN GOLD:   I believe this is the other Mr.

16    Gold, Your Honor, because mine is 703.

17         THE COURT:  You're right.  It's Ronald Gold.  I

18    apologize.  Mr. Ronald Gold.

19         MR. IVAN GOLD:   And as Mr. Gold likes to say, no

20    relation.  I'll beat him to the punch this time, Your Honor.

21    Thank you.

22         THE COURT:  And who regrets that?

23       (Laughter.)

24         MR. IVAN GOLD:  Depends on what day of the week,

25    Your Honor, but a valid question.

1          THE COURT:  Mr. Gold, Mr. Ronald Gold, if I can

2   get you to press five star on your phone, please?

3          All right.  Mr. Ronald Gold, go ahead, please,

4   sir.

5          MS. HARDISON:  Your Honor, this is actually Kendal

6   Hardison.  I work for Ronald Gold.

7          THE COURT:  Thank you.

8          MS. HARDISON:  At this time we'll just --

9   apologies.  At this time we'll just reserve the right, but

10  will not request a hearing at this time.

11         THE COURT:  All right.  If you need a hearing,

12  I'll get you to just file the appropriate paperwork, but

13  we'll show you're not requesting one now.  Thank you.

14         The next one we have is 695, which is Alpha Trust

15  Real Estate.  And this was filed by Attorney Sophie Macon,

16  M-A-C-O-N?

17         Ms. Macon, if you could press five star, please?

18      (No audible response.)

19         THE COURT:  I've got two parties pressing that

20  they are Ms. Macon.  Let me activate both lines and see who

21  I've got.

22         All right.  Go ahead, please?

23         MS. FAY:  Good afternoon, Your Honor.  Erin Fay of

24  Bayard on behalf of Alpha Trust Real Estate, LLC.  Thank you

25  for hearing us this afternoon.

1      We, like certain other landlords, were recently --

2 very recently contacted by the Debtors and we would like the

3 opportunity to continue to speak with them, so we are not

4 requesting an evidentiary hearing today and we fully reserve

5 our rights to the extent those discussions do not go well.

6      THE COURT:  All right.  If you'll just file

7 appropriate paperwork asking that I put you back on the

8 Docket, that would be great.

9      Thank you.

10      MS. FAY:  Thank you, Your Honor.

11      THE COURT:  At ECF No. 698, I have an objection

12 filed by CPI Properties.  It's Ms. Hatfield's objection --

13 Mr. English's objection, I think.

14      Go ahead, Mr. English.

15      MR. ENGLISH:  Your Honor, Eric English for CPI

16 Properties.  We're going to request a hearing and that

17 September 8th date works, if so available.

18      THE COURT:  Yeah.  I mean we now have quite a few

19 people there, but I'm more than happy to put you there and

20 we'll just maybe work a little bit late on that date.  We'll

21 just stack them all up.

22      MR. ENGLISH:  That's fine with me, Your Honor.

23      THE COURT:  All right.  We'll continue to

24 September the 8th at 3:00 o'clock.  Thank you.

25      We then have a joint objection filed at 699 by

1    Kimco.  It's Ms. Shriro.

2              Ms. Shriro, good afternoon.

3              MS. SHRIRO:  This is Michelle Shriro.  Can you

4    hear me?

5              THE COURT:  I can.

6              MS. SHRIRO:  Yes, Your Honor.  Michelle Shriro for

7    Kimco and Site Centers.

8              We would defer our hearing and reserve all rights.

9    I need to -- we need to confer about the proposal.  Thank

10   you.

11             THE COURT:  Thank you.  If you need to request a

12   hearing, just file the appropriate paperwork.  We won't set

13   you for now.  Thank you.

14             ECF #700, another Ronald Gold one.

15             MS. HARDISON:  Yes, Your Honor.  This is Kendal

16   Hardison again.  Same for this one, we'll reserve our

17   rights, but no need to schedule at this time.

18             THE COURT:  All righty.  Thank you.

19             703, which is VI Partners.  Mr. Cooley, that's you

20   again.  You seem to be a never ending gift today,

21   Mr. Cooley.

22             MR. IVAN GOLD:  Your Honor, this is mine.  Ivan

23   Gold.  Mr. Cooley is my local counsel.

24             THE COURT:  All right.  Mr. Gold, go ahead.

25             MR. IVAN GOLD:  Yes, thank you, Your Honor.

1  First, I'd again like to thank the Committee for getting us

2  where we are today.  I feel like I've won the toss, so we're

3  going to elect to defer and the discussions, which have only

4  been restarted after many weeks of radio silence that don't

5  produce anything, we'll file the appropriate papers to get

6  on Your Honor's calendar.

7        THE COURT:  Did you win the appropriate toss in

8  football or in basketball?  Because it matters.

9        MR. IVAN GOLD:  Well, I'm going to defer, Your

10 Honor.  I think it would be football at this point.

11        THE COURT:  For overtime?

12     (Laughter.)

13        MR. IVAN GOLD:  Overtime you only get once

14 possession, Your Honor, before it starts to count.

15        THE COURT:  I understand, that's the important --

16        MR. IVAN GOLD:  And that's not overtime.

17        THE COURT:  -- toss there, though, so I'm just

18 trying to get this squared away.  We'll let you defer.

19        Thank you.

20        MR. IVAN GOLD:  Important distinction, Your Honor.

21        THE COURT:  Thank you.

22        All right.  Mr. Umari, we have your objection

23 filed by Boone Stockton, LLC.

24        All right.  Mr. Umari, go ahead, please.

25        MR. ZUGARO:  Hi, good afternoon, Your Honor.  This

1   is Nicholas Zugaro with the Umari Zugaro law firm, appearing

2   for Boone Stockton, LLC.

3            THE COURT:  Good afternoon.

4            MR. ZUGARO:  Up high, Your Honor.  We can in

5   discussions with HillCo, the Debtors' consultant, so right

6   now we'll go ahead and defer setting a hearing and then

7   reserve all of our rights in the event that negotiations

8   break down.

9            THE COURT:  All right.  If you need to get a

10  hearing, just file the appropriate paperwork and we'll try

11  and get you one.

12           The next is a --

13           MR. ZUGARO:  Thank you, Your Honor.

14           THE COURT:  -- it's 707, filed by Hamilton

15  Entities, by Attorney Dana Plon.

16           Do we have anyone here on behalf of the Hamilton

17  Entities?

18      (No audible response.)

19           THE COURT:  I don't see anyone.  If there is

20  anyone here on behalf of Hamilton in these, I'm going to

21  recall anyone who I didn't call earlier at the end of the

22  hearing.  Otherwise, if no one appears for Hamilton, I'm

23  going to find their objection is not being prosecuted and we

24  will simply continue out the hearing until we schedule the

25  final hearing on this matter for the Debtor at a later date.

1            The next one I have is an objection filed at 713,

2    filed by Attorney Mr. Penn and it is PWR16-48-18.  It looks

3    like a New Jersey store.

4            Mr. Penn, good afternoon.  You've been laughing at

5    me all afternoon, Mr. Penn.  So you at least ought to turn

6    your phone on if you're going to do that.  I think you need

7    to press five star.

8            Let me get you here.

9        (No audible response.)

10        THE COURT:  All right.  Go ahead, please,

11   Mr. Penn.  Oh, no, did you press five star a second time?

12   Because that will turn it off.  You need to press it one

13   more time and then wait for me a second.

14            There we go.

15            Let's try it now.  I think we'll get you.

16        MR. PENN:  Thank you, Your Honor.  I appreciate

17   that.  John Penn of Perkins Coie on behalf of both

18   JPMCC 2005, et cetera, dealing with the Paramus store, as

19   well as PWR16 dealing with the Queens store.

20            THE COURT:  All right.

21        MR. PENN:  So Your Honor, we would like to go

22   ahead and have a hearing and if we could piggyback on the

23   September 29th date with Mr. Cooley because we think we also

24   have some factual issues that we would need to resolve along

25   the way.

1          THE COURT:  All right.  That's fine.  We already

2    know we have availability of counsel, so September 29th at

3    3:00 o'clock.

4          MR. PENN:  Thank you.

5          THE COURT:  That'll be for No. 713.

6          All right.  Next we have an objection filed at

7    719.  It is filed by Anthony and Christine Sammut.  If I can

8    get you to press five star on your phone, please?

9          All right.  Do we have anyone here in the Sammut

10   objection?  This is filed by Attorney Anne Secker.

11         You'll need to press five star on your phone.

12      (No audible response.)

13         THE COURT:  All right.  I'm going to show that

14   they're not prosecuting the objection and we will just

15   continue their hearing out for a final when we hold a final

16   on the Debtors' motion.

17         The next one that we have is an objection filed by

18   Ventura Rivera Reche Retail XI, LLC.  Mr. Doherty, that's

19   your motion.

20         If I could get you to press five star, please?

21         Mr. Doherty?  Good afternoon, Mr. Doherty.

22         MR. BRESSI:  Good morning, Your Honor, or

23   afternoon, rather. Jess Bressi of Dentons US, here on behalf

24   of the landlord.

25         Your Honor, we would defer and reserve our rights

1    and hopefully we won't need the ball in the second half.

2            THE COURT:  All right.  Thank you.  If you do need

3    something, just file an appropriate paper and we'll get you

4    back on the Docket.

5            MR. BRESSI:  Thank you, Your Honor.

6            THE COURT:  Then we have 751, which is Santa Maria

7    101 Nine, LLC by Mr. May.

8            Mr. May, good afternoon to you.

9        (No audible response.)

10           THE COURT:  Let me click that again.  I don't

11   think I got you all the way unmuted.

12           Go ahead, Mr. May.  I think I've got you now.

13           MR. MAY:  Thank you, Your Honor.  Gordon May ,

14   Grant Genovese & Baratta for Santa Maria 101 Nine, LLC.  We

15   also just received a term sheet recently and wanted to give

16   an opportunity to review it, so we will defer our hearing

17   and reserve our rights and let you know if we need to set a

18   hearing.

19           THE COURT:  Thank you, Mr. May.  I appreciate that

20   announcement.

21           So we'll let you file that.  That was on 751.

22           And then the last two objections I have -- or the

23   last objection I have is 765.  It's a reservation of rights

24   filed by Gratiot Center Associates Limited Partnership,

25   again Mr. Moak filed this.

1          MS. WEBB:  Good afternoon, Your Honor.  Lydia Webb
2   again on behalf of the Landlord.  We would also like to opt
3   and defer and consider the Debtors' offer.
4          THE COURT:  Thank you.
5          All right.  What I'm going to do now is unmute all
6   lines in case I had a technical difficulty.  What I would
7   like to hear from is anyone that tried to click in before,
8   where you couldn't for whatever reason, or anyone who I
9   failed to call their objection.  I've tried to call every
10  objection, so if I haven't called you, it's simply an error
11  on my part or perhaps it didn't get docketed against -- you
12  know, calendared against the right motion.  So I'm about to
13  unmute all the lines.
14         If I can get people to be real quiet, and then
15  just have people speak up in a moment.
16      (Conference unmuted.)
17         THE COURT:  All right.  All lines --
18         MR. PENN:  Your Honor, this is Jeff Burke --
19         THE COURT:  All right.  One at a time now.  Go
20  ahead and speak up, please.
21      (Glitch in the audio).
22         THE COURT:  Okay.  I can't hear it.  I cannot hear
23  you.  I can't understand any of the words.  Would you pick
24  up your phone, please?
25         (Glitch in the audio).

1          THE COURT:  I cannot understand you.  Please pick

2    up your phone.

3        (Glitch in the audio).

4          THE COURT:  All right.  I can't understand any

5    words coming from people.  You'll need to pick up your phone

6    if you want to address us.  We have about 100 lines that are

7    active.  So try not to use a speaker phone, please.

8        (Glitch in the audio).

9          THE COURT:  I can't understand any words.  If

10   anyone wants -- I'm going to go ahead and remute the lines.

11   Press five star if you want to speak, one time, please.

12       (Conference muted.)

13          THE COURT:  All right.  If anyone wishes to

14   address the Court, there we go. I do have somebody.

15          No, that was Mr. Perez.

16          Do I have anybody else besides Mr. Perez where we

17   didn't call your objection?

18          MR. PEREZ:  Your Honor, Mr. Carlson sent me a note

19   that there was a landlord that you called who we went -- we

20   said she could not attend the hearing and wanted to make

21   sure that failure to attend the hearing wouldn't prejudice

22   her and her rights to seek an evidentiary hearing at a later

23   appointed time.

24          We told them that we would make that

25   representation and it just slipped by when you called it, so

1    I just wanted to put get that on the Record for her.

2              THE COURT:  Which objection was that?

3              MR. PEREZ:  Your Honor, if you could unmute

4    Mr. Carlson, if he could press it, he'd be -- I don't know

5    the exact number, but it was one of the last ones that you

6    called.

7              THE COURT:  All right.  Mr. Carlson, go ahead,

8    please.

9              MR. CARLSON:  Good afternoon, Your Honor.  Cliff

10   Carlson.  Sammut Landlord is the name of the entity.

11             THE COURT:  Can you give me an ECF number, please?

12             MR. CARLSON:  Yes.  One second.

13        (No audible response.)

14             MR. CARLSON:  ECF No. 719.

15             THE COURT:  All right.  For 719, what we're going

16   to show is this is by the Sammuts, that the Sammuts are

17   passing on today's hearing, but reserving their right to

18   request an oral hearing.

19             And then from 303 area code, it's 303-653-4501.

20   Who do I have on the telephone, please?

21             MS. ADEYEMO:  Good afternoon, Your Honor.  Megan

22   Adeyemo from Gordon Rees Scully Mansukhani on behalf of

23   PP-Cox Road, LLC.

24             THE COURT:  Thank you.  And do you which ECF your

25   objection is filed at?

1          MS. ADEYEMO:  I do, Your Honor.  Docket No. 667.

2          THE COURT:  So it doesn't appear on my list as

3    having been linked back.  Let me see where the problem is.

4          All right.  Just in the future, Ms. Adeyemo, when

5    you file these on CM/ECF, if you could link it back to the

6    original motion, then it appears on my calendaring sheet.

7    But because it was just filed, I had no way of knowing it

8    was related to this.  So I haven't reviewed it, but tell me

9    what your client wants to do.

10         MS. ADEYEMO:  Thank you, Your Honor.  We will make

11   sure that doesn't happen going forward.

12         PP-Cox Road starting having conversations end of

13   last week with HillCo.  And so if I could defer this hearing

14   and request one at a later date?

15         THE COURT:  All right.  We will do that.

16         Thank you for the announcement.

17         MS. ADEYEMO:  Thank you, Your Honor.

18         THE COURT:  All right.  Is there anyone else that

19   wishes to make an appearance on any matter today?

20         Mr. Genender, go ahead.

21         MR. GENENDER:  Your Honor, the only thing I wanted

22   to tell you is for better clarity since we have parties on

23   the phone, with respect to the September 8th hearing, given

24   that Monday is Labor Day, I'm assuming that Witness and

25   Exhibit Lists would be due this Friday; is that correct?

1          THE COURT:  I don't know.  It's in Rule 9013.  I'm

2     happy to pull it out and look at it, but it's whatever that

3     Rule says, but it deals with holidays.  It does deal with

4     holidays, so.

5          MR. GENENDER:  Understood.  And then I don't

6     intend to make you do that, Your Honor.  I just thought

7     since we had everyone on the phone, I thought it might make

8     sense to get clarity on it, but that's fine.

9          THE COURT:  Yeah, if anybody wants to speak up

10    about that, that's fine, but I just -- that Rule is so

11    specific, I don't want to guess as to what it says.  I don't

12    think it has any ambiguity in it, though, but it should deal

13    with holidays and Mondays and Saturdays, and all that stuff.

14          All right.

15          MR. GENENDER:  Great.  Thank you, Judge.

16          THE COURT:  So I know the people have been on the

17    line for a very long and boring hearing, and I appreciate it

18    very much that you put up with me, but I just didn't know

19    any other way to deal with 80 objections to one motion,

20    except one at a time and try to preserve everybody's rights.

21          So thank you for tolerating it.

22          Is there anything else that we need to cover

23    today?

24       (No audible response.)

25          THE COURT:  All right.  We're in adjournment then

1  until 3:30 and we'll call the *Arena* case at 3:30.

2        Thank you all.

3     (The parties thank the Court.)

4     (Hearing adjourned at 2:43 p.m.)

5                    *  *  *  *  *

6        *I certify that the foregoing is a correct*

7  *transcript to the best of my ability from the electronic*

8  *sound recording of the proceedings in the above-entitled*

9  *matter.*

10  */S/ MARY D. HENRY*

11  *CERTIFIED BY THE AMERICAN ASSOCIATION OF*

12  *ELECTRONIC REPORTERS AND TRANSCRIBERS, CET**337*

13  *JUDICIAL TRANSCRIBERS OF TEXAS, LLC*

14  *JTT TRANSCRIPT #62606*

15  *DATE FILED:  SEPTEMBER 2, 2020*

16

17

18

19

20

21

22

23

24

25