

ENTERED
12/21/2020

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CEC ENTERTAINMENT, INC., *et al.*, | § § | Case No. 20-33163 (MI) |
| Debtors.[1] | § § § | (Jointly Administered) |

### ORDER (I) AUTHORIZING SALE OF INTERESTS IN FRANKLIN MILLS PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of CEC Entertainment, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order (i) authorizing and approving that certain Purchase and Sale Agreement, between the Debtors and the Purchaser, and the related schedules, exhibits, agreements, documents, or other instruments contemplated therein (the "**Sale Agreement**") and the Transaction contemplated therein for the Sale of the Franklin Mills Property free and clear of all Encumbrances (as defined below), and (ii) granting related relief pursuant to sections 105 and 363 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), as more fully set

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are BHC Acquisition Corporation (0947); CEC Entertainment Concepts, L.P. (3011); CEC Entertainment Holdings, LLC (9147); CEC Entertainment, Inc. (5805); CEC Entertainment International, LLC (8177); CEC Entertainment Leasing Company (4517); CEC Leaseholder, LLC (N/A); CEC Leaseholder #2, LLC (N/A); Hospitality Distribution Incorporated (5502); Peter Piper Holdings, Inc. (6453); Peter Piper, Inc. (3407); Peter Piper Texas, LLC (6904); Peter Piper Mexico, LLC (1883); Queso Holdings Inc. (1569); SB Hospitality Corporation (4736); SPT Distribution Company, Inc. (8656); and Texas PP Beverage, Inc. (6895). The Debtors' corporate headquarters and service address is 1707 Market Place Boulevard #200, Irving, TX 75063.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and upon all of the proceedings had before the Court; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Sale Agreement, all of the terms and conditions thereof, and the Transaction contemplated thereby, are hereby approved in all respects.

2. Pursuant to sections 105 and 363 of the Bankruptcy Code, the Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order, including to effectuate, implement, and close the transactions set forth in the Sale Agreement, including all additional instruments and documents that may be reasonably necessary or desirable to implement the Sale Agreement and to perform their obligations thereunder. No other consents or approvals are necessary or required for the Debtors to carry out the Transaction and effectuate the Sale Agreement and the related actions contemplated or set forth therein.

3. This Order and the Sale Agreement shall be binding in all respects upon, and shall inure to the benefit of, the Debtors and their bankruptcy estates, their affiliates, all creditors

(including the Official Committee of Unsecured Creditors), all holders of equity interests in the Debtors, and all holders of any Encumbrances (as defined below) against the Debtors or any portion of the Franklin Mills Property, and any trustees, examiners, or other fiduciary under any section of the Bankruptcy Code appointed in these Chapter 11 Cases or upon a conversion of any of these Chapter 11 Cases to chapter 7 under the Bankruptcy Code.  The provisions of this Order and the terms and provisions of the Sale Agreement, and any actions taken pursuant hereto or thereto shall survive the entry of any order which may be entered confirming or consummating any plan(s) of the Debtors or converting the Debtors' cases from chapter 11 to chapter 7.

4. The conditions of section 363(f) of the Bankruptcy Code have been satisfied and, upon entry of this Order, the Debtors may transfer all of the Debtors' right, title and interest to the Franklin Mills Property free and clear of without limitation, all claims, interests, debts, liabilities, obligations, liens (including mechanic's, materialman's, possessory and other consensual and non-consensual liens and statutory liens), interests, rights, encumbrances, rights of offset, recoupment rights, restrictions, leases or subleases, option rights or claims, obligations, liabilities, indentures, loan agreements, guaranties, demands, contractual commitments or interests in respect of any Debtor or any property of any Debtor or its Estate, equity interests, licenses, instruments, conditional sale rights or other title retention agreements, rights of first refusal, consent rights, contract rights, rights of recovery, reimbursement rights, contribution claims, indemnity rights, regulatory violations, judgments, decrees of any court or foreign or domestic governmental or quasi-governmental entity, debts arising in any way in connection with any agreements, acts or failures to act and reclamations rights whether choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected including, without limitation, the following: (1) all mortgages, deeds of trust, hypothecations, pledges,

security interests or charges of any kind or nature, easements, servitudes, rights-of-way, encroachments, restrictive covenants, restrictions on transferability or other similar restrictions, rights of use or possession, restriction on use, voting, transfer, receipt of income, or other exercise of any attributes of ownership; (2) any bulk sales or similar law; (3) any tax statutes or ordinances, including, without limitation, the Internal Revenue Code of 1986, as amended; (4) any theories of successor liability; (5) any environmental or other liens, claims (as defined in section 101(5) of the Bankruptcy Code), encumbrances, obligations, liabilities, contractual commitments or interests of any kind or nature arising from existing conditions on or prior to the Completion Date; (6) all claims as defined in Bankruptcy Code section 101(5), including all rights or causes of action (whether in law or equity), and (7) any rights that purport to give any party a right or option to effect any forfeiture, modification, right of first offer or first refusal, or consents, or termination of the Debtors' or the Purchaser's interest in the Franklin Mills Property, or any similar rights (collectively, the "**Encumbrances**").

5. Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, upon the closing of the Transaction (the "**Closing Date**") and pursuant to and except as otherwise set forth in the Sale Agreement, the Franklin Mills Property shall be transferred to the Purchaser free and clear of all Encumbrances that existed prior to the Closing Date.

6. Upon the Closing Date, this Order will be construed and will constitute for any and all purposes a complete, valid, legal, and effective general assignment, conveyance, and transfer the Franklin Mills Property free and clear of all Encumbrances, and will vest the Purchaser with all of the Debtors' right, title, and interest in and to the Franklin Mills Property as set forth in this Order and the Sale Agreement.

7. Except to enforce the terms of the Sale Agreement, upon the Closing Date, all entities or persons are permanently and forever prohibited, estopped, and enjoined from asserting against the Purchaser, and its permitted successors, designees, and assigns, or property, or the Franklin Mills Property any Encumbrance of any kind or nature whatsoever arising prior to the Closing Date.

8. The Sale Agreement may be modified, amended, or supplemented through a written document signed by the parties thereto in accordance with the terms thereof and this Order without further order of this Court; provided that no such modification, amendment, or supplement may be made without further order of this Court if it is materially adverse to the Debtors or the Debtors' estates.

9. The Sale Agreement shall be of full force and effect, regardless of any Debtor's lack of good standing in any jurisdiction in which such Debtor is formed or authorized to transact business.

10. The Debtors shall use the net proceeds from the Transaction in accordance with the terms of the DIP Credit Agreement.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: December 21, 2020

_____
Marvin Isgur
United States Bankruptcy Judge